# MOSES C. WRIGHT

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. COMMISSION MERCHANT—*demand by consignor—construction of act of 1869.* The act of March 4, 1869, entitled an act for the protection of consignors of fruit, grain, flour, etc., to be sold on commission, which provides that any warehouseman, storage, forwarding or commission merchant who, having converted to his own use the proceeds or profits arising from the sale of any goods otherwise than as instructed by the consignor of the goods, on demand of the consignor fails to deliver over the proceeds or profits of such goods after deducting the usual per cent on sales as commissions, shall be guilty of a misdemeanor, etc., being a penal statute, must receive a strict construction, and an actual demand to be made by the consignor upon the commission merchant is an indispensable pre-requisite to a conviction under it.

2. SAME—*sufficiency of demand.* In such a prosecution the complaining witness testified that, when he went to the place of the accused, the latter said: "I know what you have come for, but it is impossible for me to pay you anything now." The witness stated that the accused knew well enough what he had come for, and this was all the demand he claimed

to have been made: *Held*, that, while in a civil cause where a demand was necessary, such evidence might be sufficient for a jury to find a waiver, yet, in this action, it was insufficient. The demand should be made in such a manner as to fairly apprise the merchant that he would be subject to the penalties of the statute if he failed to comply.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a prosecution against Moses C. Wright, on an indictment found under the act of March 4, 1869, for the protection of consignors, etc. The indictment was as follows:

State of Illinois, county of Cook,—ss. Of the December term of the Criminal Court of Cook county, in said county and State, in the year of our Lord one thousand eight hundred and seventy.

The grand jurors chosen, selected and sworn, in and for the county of Cook, in the State of Illinois, in the name and by the authority of the people of the State of Illinois, upon their oaths, present that Moses C. Wright, late of said county, on the 1st day of November, in the year of our Lord one thousand eight hundred and seventy, in the county and State aforesaid, being then and there a commission merchant, did unlawfully convert to his own use the sum of $61, the property of Abijah Birdsey, the same being then and there the proceeds arising from the sale of a certain quantity of peaches before then consigned by said Birdsey to said Wright, otherwise than as instructed by said Birdsey, the consignor thereof, and that he, the said Moses C. Wright, then and there unlawfully failed to deliver over the proceeds aforesaid after deducting the usual per cent on the sale of said peaches as commission, on demand then and there made therefor by the said Abijah Birdsey, contrary to the statute and against the peace and dignity of the same people of the State of Illinois.

A trial by jury at the February term, 1871, of the court below, resulted in a verdict of guilty, and the defendant was adjudged to pay a fine of $100.

The defendant brings the record to this court and asks a reversal of the judgment.

Mr. SIDNEY THOMAS, for the plaintiff in error.

Mr. CHARLES H. REED, States Attorney, for the people.

Per CURIAM : The statute of 1869, under which the indictment in this case was found, declares that, "If any warehouseman, storage, forwarding or commission merchant, or his or their agents, clerks or employees, shall convert to their own use the proceeds or profits arising from the sale of any fruits, grain, flour, beef, pork, or any other goods, wares or merchandise, otherwise than as instructed by the consignor of said goods, and shall, on the demand of the consignor, fail to deliver over the proceeds or profits of said goods after deducting the usual per cent on sales as commissions, shall be deemed guilty of a misdemeanor," etc.

This statute being penal in its nature, must receive a strict construction. An actual demand, to be made by the consignor upon the commission merchant, is an indispensable prerequisite to a conviction.

The complaining witness testifies that, when he went into the place of the accused, in Chicago, the latter said : "I know what you have come for, but it is impossible for me to pay you anything now." The witness stated that the accused knew well enough what he had come for, and this was all the demand he claimed to have been made.

In a civil cause, where a demand was necessary, such evidence might be sufficient for a jury to find a waiver.

But the statute under consideration requires both a wrongful conversion of the proceeds and a failure to deliver them over after a demand made by the consignor, to constitute the offense.

The demand should be made in such a manner as to fairly apprise the merchant that he would be subject to the penalties of the statute if he failed to comply, else he might, by the

very course of dealing assented to by the consignor, be entrapped into the consequences of a criminal offense unawares, and without any wrong intention. Such a result would be repugnant to the spirit of our criminal code, and, as we believe, to the intention of the statute in question.

The evidence was not sufficient to sustain the verdict, and the court should have granted a new trial.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*