A. C. WARRINER

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*when indictment is good.* When the offense is so plainly stated in the indictment that the nature of it can be easily understood by the jury, that is sufficient under our statute to constitute a good indictment, upon which the judgment of the court can be rendered.

2. SAME — *conversion of proceeds of sale by commission merchant.* On an indictment against a commission merchant for converting the proceeds of goods intrusted to him to sell on commission, to his own use, it is not a sufficient defense that the agreement was that the commission merchant was to send the consignor his check for the proceeds, and that he did send his check, when it appears that there were no funds in the bank on which the check was drawn, to pay it, and that the check was promptly presented and not paid.

3. In such case, if the defendant had funds in the bank at the time of drawing the check, the burden is on him to prove it, and also to explain why there were no funds there when the check was presented.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Mr. SIDNEY THOMAS, for the plaintiff in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an indictment, in the Criminal Court of Cook county, against A. C. Warriner, a commission merchant doing business in Chicago, for failing and refusing to account for and pay over to Hafford and Company, of Mattoon, whose goods he had received and sold on commission, and afterward converted the proceeds to his own use. The jury found the defendant guilty as charged, and the court, overruling a motion for a new trial and in arrest of judgment, rendered a judgment on the verdict, and assessed a fine against the defendant of four hundred dollars.

To reverse this judgment the defendant brings the record here by writ of error, and assigns as error that the verdict is against the law and the evidence; that improper evidence was admitted on behalf of the people, and proper evidence on behalf of the defendant excluded.

On the motion in arrest of judgment, it is urged the indictment is insufficient.

We have first considered the motion in arrest of judgment.

The prosecution is founded on section 78 of the Criminal Code, which is as follows:

" If any warehouseman, storage, forwarding or commission merchant, or other person selling on commission, or his agent, clerk or servant, shall convert to his own use any fruit, grain, flour, beef, pork or other property, or the proceeds or avails thereof, without the consent of the owner thereof, or shall fail to pay over the avails or proceeds thereof, less his proper charges, on demand by the person entitled to receive the same, or his duly authorized agent, he shall be fined not exceeding one thousand dollars, or confined in the county jail not exceeding one year, or both, and shall be liable to the person injured in double the value of the property or amount of the money so converted." R. S., 1874, p. 363.

We have carefully compared the indictment with this section of the statute, and are satisfied it is drawn substantially in compliance with it, and in the terms and language of the statute creating the offense. At any rate, the offense is so plainly stated that the nature of it could be easily understood by the jury, and that is sufficient, under our statute, to constitute a good indictment on which the judgment of the court can be rendered.

The error of plaintiff's counsel consists in mistaking the nature of the offense charged. The offense does not consist in violating instructions, but in doing the acts specified in the indictment. The indictment charges facts made indictable under the statute, when done by a commission merchant. There is no objection to the indictment, and the motion in arrest of judgment was properly denied.

As to the evidence, we are of opinion, as presented, it fully sustains the finding. The prosecutor was, with his mother, trading at Mattoon, in this State, under the firm name of E. Hafford & Co., and had shipped to the defendant, as a commission merchant, in August, 1873, and up to the fourth of September of that year, various articles of country produce, to be sold by him on commission, he to account to them for the proceeds by sending his bank checks, which they could negotiate. He did send these checks, but they were dishonored. That

they were presented in a reasonable time is not questioned, and payment thereof was demanded more than once before this prosecution was instituted. A demand of payment was made on the defendant, and he distinctly informed if he did not pay the amount due, admitted to be one hundred and ninety-seven dollars and ninety cents, and admitted to be the net proceeds of the sale of the articles sent him by the prosecutors, a prosecution would be instituted.

It is conceded defendant sent his checks to the consignors, for the net proceeds of the sales, but they were dishonored — they were not paid. It is contended that as defendant sent checks in pursuance of instructions, this was full compliance, but it was clearly the understanding of the parties, and all persons would so understand it, that the checks sent must be available checks, which, on presentation at the bank on which drawn, would be met by prompt payment. If not of that character, they would be of no more value than so much blank paper. It is not sufficient if a party draws his check on a bank in payment of a debt; it is incumbent on the drawer that he should have funds to meet it when presented. The defendant should have deposited these proceeds in the bank on which he drew his checks, and should have had funds there to meet them. A witness for defendant, Mr. Daviston, who was his book-keeper and salesman, testified that defendant had money in the bank at the time those checks were drawn, and had every prospect of keeping his bank account good to meet all of his checks. Being asked to state the reason why he did not keep his bank account good, so as to meet these particular checks, he replied, defendant had received a draft on New York, which had been deposited in bank to his credit. The bank transaction was not a Boston matter, but a New York matter, and defendant had drawn drafts on country dealers with whom he was dealing, and who were owing him.

There is no evidence that this draft on New York was passed to his credit for the purpose of meeting these checks, or that

it could be so appropriated, or what was the amount of this draft. It might have been for a very trifling sum, and appropriated to other purposes.

At this stage of the case, the court interposed this remark: "I do not think this evidence is material. We do not want to hear a history of all their business. I think the witness has said enough on this subject." To this, defendant noted an exception, and it is now insisted, had the witness been permitted to proceed, he would have shown by what means this draft on New York became and was rendered unavailable.

It was certainly proper for the defendant's counsel, on this intimation from the court, to state to the court that he expected to prove this New York draft was of an amount sufficient to pay these checks, but for a reason which he would show, it could not be made available, and if the court ruled this out, then he should have taken an exception and brought the question directly before this court, to pass upon its relevancy and materiality. Nothing of this was done, nor is any thing shown why these checks were not properly provided for by having funds in the bank ready to meet them, which all business men, jealous of their commercial honor, seldom fail to provide.

There is nothing in this record to exculpate this party. He has made no effort to take up these checks or save his credit, after repeated demands. The prosecutor has been injured by him to the extent of one hundred and ninety-seven dollars, ninety cents, by a wrongful appropriation of the proceeds of the sales of this property, which the prosecutor had in full confidence intrusted to him. His case is clearly within the statute, and it has been properly vindicated by this verdict and judgment, which we, in all things, affirm. Giving to this statute the strict construction it must receive, as held in *Wright* v. *The People*, 61 Ill. 382, we are satisfied this case comes fully within its provisions.

*Judgment affirmed.*

Mr. JUSTICE SCOTT and Mr. JUSTICE MCALLISTER dissent, on two grounds:

First. That accused was indicted for converting the proceeds of sale of goods confided to him to sell as commission merchant. But his principals authorized him to send checks for such proceeds. This created the relation of debtor and creditor, and the conviction was for not keeping his checks good. Secondly. If he could have been convicted for that, which we deny, he should have been permitted to explain why he did not or could not keep his bank account good.