The People of the State of Illinois, Defendant in Error, v. Abe Shapiro and Jack La Bow, Plaintiffs in Error.

Gen. No. 23,063.    (Not to be reported in full.)

Error to the Criminal Court of Cook county; the Hon. Charles M. Thomson, Judge, presiding. Heard in this court at the March term, 1917. Affirmed as to La Bow and reversed and remanded as to Shapiro. Opinion filed July 2, 1917.

### Statement of the Case.

Indictment by the People of the State of Illinois, plaintiff, against Abe Shapiro, Jack La Bow, Frank Ripplinger and George Boggs, defendants, for conspiracy. Defendants Ripplinger and Boggs were acquitted. Defendants Shapiro and La Bow were found guilty and sentenced to pay a fine of $1,500 each with costs taxed at $49.35, to reverse which judgment they prosecute this writ of error.

McEwen, Weissenbach & Shrimski, for plaintiff in error Shapiro.

Michael E. Maher, for plaintiff in error La Bow.

Maclay Hoyne, for defendant in error; Alexander E. Arkin, of counsel.

Mr. Presiding Justice Holdom delivered the opinion of the court.

### Abstract of the Decision.

1. Conspiracy, § 35*—*when indictment for is correct.* An indictment for conspiracy, each of the six counts of which charges all of the defendants with conspiring to do unlawful acts in each count particularly set forth, two counts charging conspiracy to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

obtain money by false pretenses, two to obtain money by means of confidence game and each count involving the obtaining from two named women money to protect them from being molested by the police in conducting a disorderly house and relating to the same transactions stated in varying forms, charges defendants with committing a misdemeanor and is sufficient.

2. INDICTMENT AND INFORMATION, § 53*—*when within discretion of court to allow or deny motion to compel election of counts.* It is in the discretion of the trial court to allow or deny a motion to require the State to elect upon which counts of an indictment it will elect to prosecute, and the exercise of this discretion will not be disturbed upon review unless it is apparent that it was exercised to the manifest injury of the defendants.

3. INDICTMENT AND INFORMATION, § 50*—*when joinder of offenses of same character does not vitiate indictment.* In the case of misdemeanors, the joinder of several offenses of the same character will not in general vitiate the indictment in any stage of the proceedings.

4. INDICTMENT AND INFORMATION, § 50*—*when not quashed for joinder of offenses of same character.* In the case of misdemeanors, the practice of quashing the indictment or information for the joinder of several offenses of the same character, or of calling on the prosecution to elect on which charge it will proceed, does not exist.

5. CRIMINAL LAW, § 124*—*what evidence defendant may give where witness testifies to incriminating fact.* Where a witness has testified in a criminal prosecution to a fact incriminating defendant, defendant should be permitted, in testifying on his own behalf, to state whether or not such fact was testified to by the witness at a preliminary hearing at which defendant was present and heard the witness testify.

6. WITNESSES, § 224*—*what is proper cross-examination of witness testifying to fact incriminating defendant.* Where a witness has testified in a criminal prosecution to a fact incriminating defendant, the latter's counsel is entitled to ask him on cross-examination whether he did not on a preliminary hearing testify differently, and in so asking it is not necessary as a preliminary to repeat to the witness *verbatim* the question put and the answer on such preliminary hearing.

7. CRIMINAL LAW, § 557*—*when oral instructions not reversibly erroneous.* It is not ground for reversal that on a criminal prosecution the court gave the jury oral instruction as to the form of the verdict, such an instruction not being as to the law of the case.

8. CONSPIRACY, § 54*—*when instructions not reversibly erroneous.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

On an indictment for conspiracy, instructions examined and *held* not ground for reversal.

9. CRIMINAL LAW, § 372*—*when judgment is several.* A judgment against two defendants, on an indictment for conspiracy, which assesses the fines and costs against each defendant, the exact amount being written in the judgment, is not joint but several, even though the judgments are written together and are one judgment.

10. CRIMINAL LAW, § 590*—*when improper argument of counsel is cured.* Improper argument of counsel for the State in referring to the demeanor in the court room of the defendant in a criminal case, *held* corrected by a voluntary withdrawal of the remark.

11. CRIMINAL LAW, § 234*—*when reference by State to demeanor of defendants is error.* While counsel for the State may, in a criminal prosecution, refer to the demeanor on the witness stand of a defendant who testified, such reference should not be made to the demeanor of defendants in the court room.

12. CRIMINAL LAW, § 553*—*when improper argument of counsel is not ground for reversal.* Improper argument of counsel for the State in a criminal prosecution is not ground for reversal where the verdict could not have been otherwise had the remark not been made.

13. CRIMINAL LAW, § 525*—*when error in procedure is not ground for reversal.* On a criminal prosecution, where the evidence in the record so conclusively establishes the guilt of the accused that there is no room for reasonable doubt, harmless error in procedure will not work a reversal.

14. CONSPIRACY, § 43*—*when indictment is sufficient to support judgment against one defendant.* An indictment for conspiracy which charges several defendants with conspiring with persons to the grand jury unknown is sufficient to support a judgment against one of such defendants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.