The People of the State of Illinois, Defendant in Error, v. Albert A. Sprague, Plaintiff in Error.

Gen. No. 38,972.

Opinion filed January 27, 1937.  Rehearing denied February 16, 1937.

GEORGE H. GUENTHER, of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, RICHARD H. DEVINE, and MELVIN S. REMBE, Assistant State's Attorneys, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This case is in this court upon a writ of error prosecuted by Albert A. Sprague (hereinafter referred to as the defendant) to review the judgment of the municipal court of Chicago, whereunder, in a trial without a jury, he was found guilty of "the criminal offense of driving a vehicle with a wilful or wanton disregard for the safety of persons or property and sentenced to ten days confinement at labor in the House of Correction." This judgment was predicated upon the finding made by the court as follows:

"The Court finds the defendant guilty in manner and form as charged in the information herein.  Where-

upon it is ordered that the same be entered of record herein.''

The judgment recites that ''said defendant, Albert A. Sprague is guilty of the criminal offense of driving a vehicle with a wilful or a wanton disregard for the safety of persons or property.''

The information upon which the charge is predicated is in the following words:

''Harry Barth a resident of the City of Chicago in the State aforesaid, in his own proper person, comes now here into court, and in the name and by the authority of the People of the State of Illinois, gives the Court to be informed and understand that Albert A. Sprague heretofore, to-wit: on the 5th day of May, A. D. 1936, at the City of Chicago aforesaid Did then and there operate a certain vehicle, to-wit: an automobile (Lic. No. 32–423 Ill. 36) in and upon a public highway within the jurisdiction of The Chicago Park District, with a wilful or a wanton disregard for the safety of person or property; in violation of Section 48 U. A. R. T. Violation occurred on Outer Drive—64 Miles per hr. from Surf to Briar Place—Heavy traffic passed 17 cars (35 M.P.H. Zone) contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois.'' This information was verified by Harry Barth.

The court after examining the information granted leave to file said information and it was ordered that a *capias* issue against the accused. Thereafter, on May 7, 1936, Fred F. Malley, attorney for the defendant, entered the appearance of Albert Sprague defendant in the above entitled cause.

It further appears from the record that by the appearance of the State's attorney, and the defendant as well, in his own proper person and by his attorney, the defendant, being duly arraigned, entered a plea of not guilty. Thereupon, the People being represented

by the State's attorney and the defendant being present in his own proper person as well as represented by his attorney, the court entered upon the trial without a jury, and after hearing all the evidence of the witnesses, entered the finding that Albert A. Sprague is guilty of the criminal offense of driving a vehicle with a wilful or a wanton disregard for the safety of persons or property. He was then sentenced by the court to confinement and labor in the House of Correction of the City of Chicago in the County of Cook and State of Illinois, for the term of 10 days.

Thereupon a motion was made by the defendant to vacate the judgment, which motion was subsequently heard by the court on May 16, 1936, and denied.

On the 18th day of May, 1936, before Honorable Gibson E. Gorman, one of the judges of the court, this cause came on for hearing on motion to set aside and vacate the judgment and sentence herein, and in support of the motion the defendant filed an affidavit, which is as follows:

"Albert A. Sprague, being first duly sworn on oath deposes and says, that heretofore, on to-wit, the 5th day of May, A. D. 1936, he was arrested upon an information or complaint for a criminal offense, charged against him in the above entitled cause; that thereafter he was admitted to bail in said cause and that on to-wit, the 7th day of May, A. D. 1936, he was arraigned, pleaded not guilty and a trial was held on the 7th day of May, A. D. 1936, before the Honorable Gibson E. Gorman, Judge, holding court at 26th Street and California Avenue in said City and presiding in the Municipal Court of Chicago; and that previous to his arraignment, hearing or examination, he was not furnished with a copy of the information or complaint upon which he is charged and that the same was not furnished to him one (1) hour previous to his arraignment, hearing or examination and that such copy was at no time furnished to him, according to the statute

in such case made and provided, and required to be done.

(Signed)   Albert A. Sprague."

Upon the motion being denied, the defendant filed his bill of exceptions, and the above and foregoing were all the proceedings had to set aside and vacate the judgment and sentence.

The assignment of errors appears of record substantially as follows:

"(a)   The information consists of two counts;

"(b)   Count one, upon which sentence was imposed, is a nullity, in that it charges a violation of 'Section 48 U. A. R. T.'—which means nothing; for there is no such statute as 'U. A. R. T.' in this State;

"(c)   The second count purports to charge an offense under the speeding section, viz., Section 49 of the 1935 Uniform Act Regulating Driving on Highways;

"(d)   The judgment finds plaintiff in error is, 'guilty of the criminal offense of driving a vehicle with a wilful or wanton disregard for the safety of persons or property'—in an attempt to predicate count one on Section 48 of the 1935 Uniform Act Regulating Driving on Highways, which Section 48 relates to the driving of any vehicle 'with a wilful or a wanton disregard for the safety of persons or property.'

"The judgment and sentence are illegal and void, in that same were entered and imposed on a finding of" the law above set forth.

The evidence heard by the court upon the trial of the charge against this defendant is not preserved by a report of the proceedings, as provided by the statute, and therefore the only point to be considered is whether upon the face of the record filed in this case the court was justified in the entry of the judgment now here to be reviewed upon the writ of error.

The rule is well established in this State and hardly needs citation of authorities, that where a bill of ex-

ceptions has not been filed preserving the evidence heard by the court, it will be presumed that the verdict of guilty upon a criminal charge is not against the weight of the evidence, and in the absence of a statement or report of the proceedings showing the evidence introduced tending to prove the offense, this court will assume that the offense was established by the evidence beyond a reasonable doubt.

The argument presented to this court by counsel for the defendant is that section 48 of ch. 121 of the 1935 Act entitled, "An Act in relation to the regulation of traffic" (Ill. State Bar Stats. 1935, ¶ 323, p. 2792; Jones Ill. Stats. Ann. 85.177) provides:

"Any person who drives any vehicle with a wilful or a wanton disregard for the safety of persons or property is guilty of reckless driving."

No provision appears in the act as to abbreviations to indicate the use of such abbreviation. Indeed, the use of abbreviations is forbidden by section 18 of the Constitution of Illinois of 1870, p. 27, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. Vol. 1, p. 498, which commands that:

"All laws of the State of Illinois, and all official writings, and the executive, legislative and judicial proceedings, shall be conducted, preserved and published in no other than the English language."

The defendant then points out that the capitals "U. A. R. T." in the information are not even as full as an abbreviation.

The courts, however, in this State have held that an information or indictment in the language of the statute is sufficient if the statute itself sufficiently defines the offense.

Complaint is made by the defendant that the information charges a violation of section 48 U. A. R. T. in that it is not sufficient to advise the defendant of the charge lodged against him. However, even though that part of the complaint "in violation of section 48

U. A. R. T., the violation occurred on Outer Drive—
64 miles per hr. from Surf to Briar Place—Heavy
traffic passed 17 cars (35 M.P.H. Zone)'', be disre-
garded, still the charge would be within the language
of the statute, in that the defendant did then and there
operate a certain vehicle, to wit, an automobile in and
upon a public highway within the jurisdiction of the
Chicago Park District, with a wilful or a wanton dis-
regard for the safety of persons or property, contrary
to the form of the statute in such case made and pro-
vided, and against the peace and dignity of the People
of the State of Illinois.

It is to be noted from the record that the defendant
did not make a motion to quash the information, nor
question the jurisdiction of the court to proceed
against him upon the charge lodged and which appears
in the verified information. The rule which would
apply to the state of the record as we find it, where
the defendant did not file a motion to quash the in-
formation, is that he waives the objection by filing his
plea of not guilty unless the information fails to charge
a crime.

Considering the question as to whether the infor-
mation in the instant case charges the crime which it
is alleged the defendant committed, we must have in
mind sec. 6, par. 740 of ch. 38 of the Criminal Code,
Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 37.691,
which is as follows:

''Every indictment or accusation of the grand jury
shall be deemed sufficiently technical and correct which
states the offense in the terms and language of
the statute creating the offense, or so plainly that the
nature of the offense may be easily understood by the
jury. . . .'' Together with sec. 9, par. 743 of the
same act; Jones Ill. Stats. Ann. 37.694, which provides:

''All exceptions which go merely to the form of an
indictment, shall be made before trial, and no motion
in arrest of judgment, or writ of error, shall be sus-

tained, for any matter not affecting the real merits of the offense charged in the indictment. No indictment shall be quashed for want of the words, 'with force and arms,' or of the occupation or place of residence of the accused, nor by reason of the disqualification of any grand juror.''

In taking up this question of what constitutes a charge of a crime for which a defendant may be tried, it is necessary to consider the opinion of the Supreme Court of this State as expressed in numerous cases.

In *McCutcheon v. People,* 69 Ill. 601, where there was an indictment against the plaintiff in error for unlawfully selling intoxicating liquor to a minor, without the written order of his parents, guardian or family physician, it was claimed that the indictment was fatally defective inasmuch as it failed to aver that the defendant knowingly sold liquors to a minor. The court there said:

''Since the adoption of this statute, it has uniformly been held it was not necessary to do more than state the accusation in the language of the statute creating the offense. Where the intent is mentioned as an element of the offense created by a law, it ought to be alleged; but where it is silent as to motive, no intent need be averred in the indictment.''

In the case of *Cannady v. People,* 17 Ill. 158, where there was an indictment for selling spiritous liquor in a less quantity than one gallon, the court held that the general averment of an illegal sale is sufficient, and said:

''These great niceties, and strictness in pleading, should only be countenanced and supported, when it is apparent that the defendant may be surprised on the trial, or unable to meet the charge or make preparation for his defense, for want of greater certainty or particularity in the charge.

''Beyond this, it tends more to the evasion than the investigation of the charge, and becomes rather a

means of escaping punishment for crime, than of defence against the accusation.''

To the same effect is the case of *Warriner v. People,* 74 Ill. 346.

In the case of *Allen v. People,* 82 Ill. 610, the court said:

''The averment in the indictment is specific that the assault was made with a deadly weapon—a pistol; and we can not well understand that anything more could be required of the pleader. To aver that the pistol was loaded, or that it was an instrument of such size and weight as to be a deadly weapon, in the hands of a strong man, who might desire to use it for the purpose of striking a blow, would be, in effect, pleading the evidence which was necessary to be introduced on the trial in order to obtain a conviction. When the pleader averred that the assault was made with a certain instrument, and averred that instrument to be a deadly weapon, the demands of the law were fully answered.

''The case of *State v. Seaman,* 1 Green, 418, is in point, where the Supreme Court of Iowa held an indictment good where it alleges the assault to have been made with a deadly weapon, without any other description of the instrument.''

*Fuller v. People,* 92 Ill. 182, wherein the court considered an indictment which charged that the defendant, on, etc., unlawfully did have in his possession a certain obscene and indecent drawing, and held it sufficiently certain and good, without describing in what the obscenity consists. So in respect to an indecent picture.

In the case of *Strohm v. People,* 160 Ill. 582, the court passed upon the sufficiency of the indictment under the Act of 1889, and held that an indictment under the Act of June 3, 1889, to suppress the selling, giving or showing to minors of any publication principally

made up of criminal news, sufficiently describes the offense in the language of the statute, without setting out the supposed prohibited matter or excusing a failure to do so.

In *Honselman v. People,* 168 Ill. 172, the court held an indictment alleging that the defendant committed "the infamous crime against nature upon and with" a certain person, "a man then and there being," sufficiently apprises the defendant and the jury of the nature of the offense charged.

In *West v. People,* 137 Ill. 189, the court said regarding the rule that it is sufficient to state the substantive elements of the crime in the language of the statute creating the offense, yet in cases of felony the indictment must, either by the statutory description or by other apt averment, so identify the offense as to meet the requirements of the constitution:

"When the offense is purely statutory, having no relation to the common law,—where, in other words, the statute specifically sets out what acts shall constitute the offense,—it is, as a general rule, says Bishop, (1 Crim. Proc. 611,) 'sufficient, in an indictment, to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter.' In *United States v. Simmons,* 96 U. S. 362, the court, after quoting the rule laid down by Bishop, said: 'But to this general rule there is a qualification, fundamental in the law of criminal procedure, that the accused must be apprised, by the indictment, of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense.'

"Multiplication of authorities will be unnecessary, for it will be found, upon examination, in this State and elsewhere, that while the general rule is, that it is

sufficient to state the substantive elements of the crime in the language of the statute creating the offense, yet in cases of felony the indictment must, either by the statutory description or by other apt averment, so identify the offense as to meet the requirements of the constitution.''

This being the rule laid down by our Supreme Court, we are of the opinion that the information was sufficient to give the defendant notice of the charge he is required to meet; that notwithstanding the words complained of as being unintelligible, still we believe that in the language of the statute the defendant was charged with a wilful or a wanton disregard for the safety of persons or property in the operation of his automobile in the city of Chicago; that the charge informed the defendant and was sufficient for the court to proceed to trial, and we must assume that the evidence established the offense beyond a reasonable doubt, and that the defendant was guilty as found by the court.

The defendant further contends that there is a second count charging violation of the statute in relation to the regulation of traffic (Ill. State Bar Stats. 1935, ch. 121, ¶ 324; Jones Ill. Stats. Ann. 85.178) sec. 49 of which relates to speeding. We feel that under the information as shown by the record, the so-called second count may be disregarded, for the reason that the court found the defendant guilty of the criminal offense of driving a vehicle with a wilful or a wanton disregard for the safety of person or property.

Finally, the defendant contends that the judgment of guilty is erroneous, in that the defendant was not furnished with a copy of the information previous to the trial, as required by the 1933 Act. This act is entitled, ''An Act to provide that persons arrested for certain offenses shall be furnished with a copy of the information or complaint upon which they are

charged." (Ill. State Bar Stats. 1935, ch. 38, ¶ 753(1);
Jones Ill. Stats. Ann. 37.706.) It provides:

"Every person arrested upon an information or
complaint for any criminal offense or for the violation
of any penal ordinance of a municipal corporation of
this State shall be furnished with a copy of the infor-
mation or complaint upon which he is charged, not less
than one hour previous to his arraignment, hearing or
examination."

The defendant sought to call the alleged failure to
comply with the statute to the attention of the trial
court subsequent to the entry of the judgment finding
the defendant guilty, and it is made a part of the
record by a bill of exceptions filed subsequent to the
trial.

To properly bring this question before the court, the
record of the proceedings in the trial court wherein
evidence was heard, should have been preserved within
the time fixed by the court after the judgment of guilty
was entered, and not in the manner here presented.
In other words, the defendant now seeks to call the
attention of this court, by affidavit, to facts which are
alleged to have occurred at the time of the trial, and
this will not be permitted. For the reasons stated we
are not in possession of any evidence of facts presented
at the trial to justify our taking up this question at
this time.

The judgment upon the whole record as presented to
the court is affirmed.

*Judgment affirmed.*

Denis E. Sullivan, P. J., and Hall, J., concur.