People of the State of Illinois, Defendant in Error, v.
Jack Poe, Plaintiff in Error.

602

 Heard in this court at the October
term, 1939. Opinion filed March 7, 1940.

MAURICE B. JOHNSTON, of Carlyle, for plaintiff in
error.

WILLIAM R. MURPHY, State's Attorney, for defend-
ant in error.

MR. PRESIDING JUSTICE STONE delivered the opinion
of the court.

This case comes to this court upon a writ of error
prosecuted by Jack Poe (hereinafter designated as the
defendant) to review the judgment of the county court
of Clinton county, wherein defendant pleaded guilty to
an information filed against him, charging him with
driving a motor vehicle while intoxicated, in violation
of sec. 144, ch. 95½ (Motor Vehicles) Ill. Rev. Stat.
1937 [Jones Ill. Stats. Ann. 85.176]. Upon his plea of
guilty, after the trial court heard some evidence, de-
fendant was sentenced to serve one year in the Illinois
State Farm at Vandalia, and fined $100 and costs. No
court reporter having been available at the hearing,
there is no stenographic record of testimony and pro-
ceedings. The record is presented to this court upon
stipulation of the State's Attorney and counsel for the
defendant. After sentence was imposed motion was
made to vacate and set aside the judgment entered; and
certain grounds are set forth therein, upon which said
motion being denied by the trial court, are urged as
error for the consideration of this court.

The first contention of the defendant is that the in-
formation is fatally defective in substance, in that it
charged defendant with two indivisible violations of
the Criminal Code, first; in driving a motor vehicle
while intoxicated, in violation of the Motor Vehicle
Act; second; with having intoxicating liquor with the
seal broken in the motor vehicle, in violation of the

Dramshop Act, and that there was no election on the part of the prosecution as to which charge they would proceed under.

Section 144, ch. 95½ (Motor Vehicles) Ill. Rev. Stat. 1937 provides, "(a) It is unlawful and punishable as provided in subdivision (b) of this section for any person who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle within this State." Subdivision (b) provides for punishment upon conviction of imprisonment of not less than 10 days, nor more than one year, or by fine of not less than $100, nor more than $1,000, or by both such fine and imprisonment.

Section 140, ch. 43 (Dramshops), Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 68.047], provides, "No person shall transport, carry, possess or have any alcoholic liquor in or upon or about any motor vehicle except in the original package and with the seal unbroken."

The information filed against the defendant was as follows:

"That Jack Poe on the 22nd day of January, A. D. 1939, at and within the County of Clinton in the State of Illinois, aforesaid, did drive a motor vehicle upon the highways in the State of Illinois in the City of Breese, Illinois, in an intoxicated condition while under the influence of alcoholic liquor and did have a half pint of liquor in his motor car with the seal upon said bottle broken, contrary to the statutes," etc.

No motion to quash the information was filed in the lower court and the first objection to the sufficiency of the information was by way of motion to vacate and set aside the judgment. The rule which would apply to the state of the record as we find it, where the defendant did not file a motion to quash the information, is that he waives the objection by his plea of guilty, unless the information fails to charge a crime. *People v. Sprague*, 288 Ill. App. 360.

Considering the question as to whether the information in the instant case charges the crime which it is alleged the defendant committed, it should be construed in the light of statutory enactments applicable thereto. Section 6, par. 716, ch. 38, Criminal Code, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 37.691], is as follows: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury . . ." Together with sec. 9, par. 719 [Jones Ill. Stats. Ann. 37.694] of the same act, which provides, "All exceptions which go merely to the form of an indictment, shall be made before trial; and no motion in arrest of judgment, or writ of error, shall be sustained, for any matter not affecting the real merits of the offense charged in the indictment. . . ."

It is fundamental in the law, that an indictment or information in the language of the statute, creating the offense, is sufficient. *McCutcheon v. People,* 69 Ill. 601. We are of the opinion that the information in the case at bar was sufficient.

The matter of election as to counts or charges contained in an information comes too late, if not made until after plea of guilty and sentence. *People v. Stine,* 199 Ill. App. 422; *People v. Jones,* 291 Ill. 52. The record as a whole, the information itself, the jury waiver, the evidence as presented to this court by stipulation, the docket entry of the judgment of the court and the sentence imposed indicate clearly the election to charge the defendant with the specific offense of driving a motor vehicle while intoxicated.

In addition thereto, it has been held in Illinois, that in case of misdemeanors, the practice of quashing the indictment or information for the joinder of several offenses of the same character, or of calling on the

prosecution to elect on which charge it will proceed, does not exist. *People v. Shapiro,* 207 Ill. App. 130.

With reference to the contention of counsel for defendant, that the one count of the information charges two separate and distinct offenses, we are of the opinion that the part of the information that charges, that the defendant ''did have a half pint of liquor in his motor car with the seal upon said bottle broken,'' may be rejected as surplusage, and may be disregarded. It has been repeatedly held that an averment in an indictment may be treated as surplusage and rejected where it can be stricken out without vitiating the indictment. *People v. Preble,* 316 Ill. 233; *People v. Osborne,* 278 Ill. 104; *People v. Mackin,* 159 Ill. App. 125; *Snell v. People,* 29 Ill. App. 470. We do not feel constrained to hold that there was any duplicity in pleading in this information.

The defendant contends secondly that the judgment of the lower court is erroneous, in that the defendant was not furnished with a copy of the information previous to the trial, as required by the 1933 act. This act is entitled, ''AN ACT providing that persons arrested for certain offenses shall be furnished with a copy of the information or complaint upon which they are charged.'' (Ill. Rev. Stat. 1937, ch. 38, par. 736a (1) [Jones Ill. Stats. Ann. 37.706]. It provides ''Every person arrested upon an information or complaint for any criminal offense or for the violation of any penal ordinance of a municipal corporation of this State shall be furnished with a copy of the information or complaint upon which he is charged, not less than one hour previous to his arraignment, hearing or examination.''

Counsel for defendant cite the case of *People v. Sprague,* 288 Ill. App. 360, as authority. The holding of the court in that case is hardly in point in sustaining the position of the defendant in the instant case, as in the *Sprague* case, defendant was tried by the court, without a jury, upon a plea of not guilty, and the court

held that the question of the failure to furnish defendant a copy of the information previous to the trial, could not be raised in the Appellate Court, where the failure to do so was called to the attention of the court only by affidavit.

There can be no question but what defendant was advised before the court accepted his plea of guilty, that he had a right to trial by jury, and to be represented by counsel, thereupon defendant said that he did not desire counsel or trial by jury. Whereupon the presiding judge told the defendant that he might go back over to the Clinton county jail and decide as to whether he wanted a jury trial. The State's Attorney advised the defendant of the language of the charging part of the complaint. After which admonition by the court and State's Attorney, the defendant signed the waiver of right of trial by jury. He was advised by the court of the penalty upon his plea of guilty, and asked him, if knowing the penalty, did he still want to plead guilty, to which he answered in the affirmative. Before the court passed sentence, however, he heard evidence upon the question of defendant's guilt. At no time does defendant seem to have raised any question before sentence was passed upon him that he did not know the nature and character of the charge made against him, nor did he demand a copy of the information, upon which he was being tried. This is somewhat analogous to the situation where a defendant is not furnished with a copy of the indictment before arraignment. Had the defendant demanded a copy of said information, and if said copy had not been furnished him an hour previous to his hearing, then he might be in a position to complain in this court, but he made no such demand. It has been held in this State, that before a defendant can be required to plead, he may demand a copy of the indictment returned against him, and if the court should refuse this request, upon preserving the fact in the rec-

ord, it would be error. However, if the defendant plead and go to trial, without such demand, he waives his right. *McKinney v. People,* 2 Gilm. 540; *Kelly v. People,* 132 Ill. 363.

A defendant in a criminal case cannot, in the trial court, both expressly and by implication waive certain provisions of the law, enacted for his protection, that are susceptible of being waived, particularly in misdemeanor cases and then as an apparent afterthought complain for the first time in the Appellate Court that he did not have a fair trial. We believe, upon the record as presented to us, the defendant had a fair trial.

There was ample evidence before the court as to the guilt of the defendant to justify the court in finding defendant guilty upon his plea, and we do not feel inclined to say that the sentence imposed was not justified. The judgment upon the whole record as presented to us is affirmed.

*Affirmed.*