THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HERMAN PRICE, Defendant-Appellant.

(No. 54599;

First District—April 21, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Elliot M. Samuels, Marshall J. Hartman, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the judgment of the Circuit Court of Cook County sitting without a jury, finding the defendant guilty of the offense of theft. He was sentenced to a term of one to two years in the penitentiary. The sole issue on appeal is whether the defendant was prejudiced by the misstatement of the date in the indictment.

The defendant, Herman Price, was indicted in February, 1969, for the theft of over $150.00 from the Goldblatt Bros. Corp. on January 16, 1968. At trial the State presented evidence that the defendant took money out of a cash register of the Goldblatt store at 3311 West 26th Street on December 16, 1968, not January 16, 1968, as shown in the indictment.

Police Officer William Kidd testified he was also employed on a part-time basis as a security officer at the Goldblatt store at 3311 West 26th Street in December of 1968. On December 16, 1968, while Officer Kidd was working at Goldblatts, he heard an unknown female shout in a loud voice, "Stop them. They are going into the cash register." Kidd turned and observed the defendant, in the company of two other men, reach into a cash register located in the men's underwear department in the front of the store, take money out of it and place the bills into his inside coat pocket. The defendant and one of his companions, Martin Barnett, were arrested just after they made their exit from the department store.

After hearing arguments, the court permitted the indictment to be amended to conform to the proof and denied defense counsel's motion for a directed verdict.

■■ It is clear from the record that the defense was in no way misled. Prior to trial defense counsel had been given the State's entire file, including police reports and grand jury testimony, which showed the date of the offense. The defendant testified he was incarcerated in the Illinois State Penitentiary on January 16, 1968, and was released July 23, 1968. The defendant admitted on cross-examination he had been arrested for the crime in question in December, 1968, when he said, "I got picked up on this charge, December, 1968." Both the accused and his counsel had actual knowledge of the correct date and cannot claim surprise.

In *People v. Schmidt* (1957), 10 Ill.2d 221, the court acknowledged the modern trend toward the substitution of basic rights in place of rigid procedures, and the Illinois Legislature recognized this trend by providing in par. 111—5:

"An indictment, information or complaint which charges the commission of an offense in accordance with Section 111—3 of this code shall not be dismissed and may be amended on motion by the State's Attorney or defendant at any time because of formal defects, * * *." Ill. Rev. Stat., ch. 38.

The case of *People v. Greenwood* (1969), 115 Ill.App.2d 167, 170, is similar to the case at bar and establishes the formal nature of the defect. In that case the April 1967 grand jury charged the defendant with crimes allegedly committed on May 17, 1967. The court held the defect not to be fatal " * * * because the evidence disclosed that the crimes were actually committed on May 17, 1966, and the placing of the '1967' date on the indictment was a mere clerical error and did not, in any way, hamper the preparation of a defense or prejudice defendant." The recent opinion of the Illinois Supreme Court in the case of *People v. Hubbard* (1970), 46 Ill.2d 563, indicates the same result:

"But even if there had been an error in the indictment, and upon a trial the proof had established that the offense was committed on a date other than the precise date alleged, that irregularity would not have constituted a fatal variance (*People v. Schmidt*, 10 Ill.2d 221, *People v. Ronde*, 403 Ill. 41)."

The fact that the State, through inadvertence, failed to specifically answer a request "To disclose the date of the occurrence if other than specified in the indictment, * * *," is not significant. This request was only one of sixteen in a motion for the disclosure of evidence in the control of the State. The State fulfilled its obligation of disclosure by giving the defendant its entire file prior to the trial.

There is nothing in the record to indicate the defendant was prejudiced in any way. The decision of the Circuit Court is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.