THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNIE TURNER, Defendant-Appellant.

Fifth District No. 74-435

Opinion filed February 18, 1976.

78

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Johnnie Turner, from the judgments of conviction entered by the circuit court of St. Clair County after a bench trial on two counts of aggravated incest and the concurrent terms of 5 to 15 years imposed thereunder.

The defendant first contends that he was denied a fair trial because the trial court actively solicited and considered irrelevant and highly prejudicial evidence. We find no merit in this contention.

The trial judge's "active solicitation" consisted of asking one of the prosecution's witnesses to repeat her answer to a question interposed by defense counsel. While we agree with the defendant that the response contained irrelevant, hearsay testimony concerning another possible offense committed by the defendant, we note that the defense counsel, not the trial judge, pursued the matter with further questioning. Nevertheless, the defendant argues that this testimony had a prejudicial impact on the trial judge. The defendant finds evidence of the impact in a colloquy which occurred at the defendant's sentencing hearing. The defendant claims that the trial judge's reference to the improper testimony at the sentencing hearing establishes, *ipso facto,* that such evidence did influence his findings of guilt. We do not agree.

The trial judge had had the testimony of the defendant's trial transcribed and had reviewed the transcript prior to imposing sentence. Obviously, the objective of such a review is not to reassess the defendant's guilt or innocence, but rather to determine the suitability of the defendant for probation and the degree of imprisonment required. Such an inquiry involves, among other things, the aggravating circumstances of the offense(s), the length of time the defendant was involved in the criminal activity, the other activities of the defendant, and the defendant's remorse. Consequently, we do not find the trial court's reference to improper testimony at the defendant's sentencing hearing sufficient to overcome the presumption that in a bench trial the trial court is presumed to have considered only admissible and relevant material in reaching its verdict (see *People v. Pagan,* 52 Ill. 2d 525, 288 N.E.2d 102; *People v. Robinson,* 30 Ill. 2d 437, 197 N.E.2d 45).

The defendant next contends that he was not proven guilty of either offense beyond a reasonable doubt.

In support of this contention the defendant first argues that both of the material witnesses, his 13- and 9-year-old daughters, were in-

competent to testify. We disagree. The preliminary questions asked each witness established that each daughter did possess a sufficient degree of intelligence, was able to understand and describe the acts complained of, and did appreciate the moral duty to tell the truth. We further note that no objection was raised to their competency in the court below.

In addition the defendant argues that neither daughter's testimony is clear and convincing. Our review of the foregoing evidence, however, yields a contrary conclusion. Each of the defendant's daughters testified that the defendant had committed the act of sexual intercouse with them on, at least, one occasion. Each was able to describe the act with sufficient particularity to ensure that intercourse had, in fact, occurred. The only frailty of either witnesses' testimony was the actual date of the occurrence. Under the facts here present, we do not consider the absence of a date certain to be fatal.

The defendant specifically complains about the State's motion to amend the information to conform to the proof presented during its case-in-chief. Misstatement of a date, however, is a formal defect (*e.g., People v. Price*, 132 Ill. App. 2d 733, 270 N.E.2d 565) which may be amended at any time (Ill. Rev. Stat. 1973, ch. 38, par. 111—5).

■■ The critical element in this case, *i.e.,* whether the defendant committed an act of sexual intercourse with each of his daughters, was established by clear and convincing testimony. Regardless of the difficulty in establishing the precise time, each witness clearly and consistently maintained that the defendant had committed the acts they described, and on this point they did not waver under the close cross-examination of defense counsel. Consequently, we consider the testimony to be clear and convincing. *Cf. People v. Knapp*, 15 Ill. 2d 450, 155 N.E.2d 565; *People v. Armstrong*, 80 Ill. App. 2d 77, 224 N.E.2d 675.

Albeit our foregoing conclusion is sufficient to sustain each of the judgments of conviction entered against the defendant, we would be remiss not to mention that the testimony of the defendant's 13-year-old daughter was corroborated, to a greater or lesser extent, by the testimony of the defendant's 14-year-old son and by the admission defendant made to his wife after his arrest.

■■ The third contention raised by the defendant is that he was denied effective assistance of appointed counsel. The defendant argues that his counsel assisted the prosecution witness in securing immunity for his testimony. An examination of the record reveals that defense counsel, a deputy public defender, merely requested that the witness be admonished that he could be prosecuted for any of his own criminal activities that his testimony might disclose. We see no divided allegiance manifested by such action. Instead, we see an effort on the part of de-

fense counsel to make a potential witness realize the risk to which he exposes himself if he testifies. Nowhere does the record show that defense counsel initiated any suggestion of immunity. Nor does the record show any impropriety in the appointment of *another* member of the public defender office to counsel the witness. The remaining claims of incompetence concerned the defense counsel's exercise of discretion, judgment or strategy and provide no basis for a finding that the defendant was inadequately represented. *People v. Rogers,* 23 Ill. App. 3d 115, 318 N.E.2d 715, 717.

■■ The defendant's fourth contention is that the joinder of two distinct counts of aggravated incest deprived the defendant of a fair trial. We find it unnecessary to determine whether the two counts were distinct, as alleged by the defendant, or part of the same comprehensive transaction, since defendant's counsel saw fit not to seek a severance of the counts in the trial court. While, in hindsight, the decision not to seek a severance may have proved unwise, we cannot say that the decision to meet both charges at the same time was not a conscious, deliberate choice of strategy calculated to improve the defendant's chances of acquittal. The statutory provision for joinder of offenses and defendants is found in section 111—4(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 111—4(a)). According to the commentary following this section, it "is substantially a restatement and codification of former Illinois law." (Ill. Ann. Stat., ch. 38, § 111—4, Committee Comments (Smith-Hurd 1970).) Citing *People v. Stilson,* 342 Ill. 158, 176 N.E.2d 145, the commentary notes that the defendant "must move for the election." In *People v. Stilson,* our supreme court applied the following quotation from *People v. Jones,* 291 Ill. 52, 125 N.E.2d 711: "Nor is the court required to compel the State to elect the count or counts upon which conviction is to be sought, in the absence of a motion to that effect on the part of the defendant." (342 Ill. 158, 166.) More recent decisions show no indication of repudiating the requirement that the defendant must move for a severance of counts or be barred from raising such issue for the first time on appeal. (*People v. Mowen,* 109 Ill. App. 2d 62, 248 N.E.2d 685, *cert. denied,* 397 U.S. 908, 25 L. Ed. 2d 89, 90 S. Ct. 905; *People v. Poe,* 304 Ill. App. 601, 26 N.E.2d 415.) Misjoinder of offenses is a formal defect. Ill. Rev. Stat. 1973, ch. 38, par. 111—5.

■■ The defendant's fifth contention is that the Illinois aggravated incest statute denies the defendant equal protection of the laws because, unsupported by a compelling State interest, it subjects him to a greater penalty than similarly situated females. We rejected a similar contention in *People v. York,* 29 Ill. App. 3d 113, 329 N.E.2d 845, and our supreme

court has recently resolved this issue in *People v. Grammer*, 62 Ill. 2d 393, 342 N.E.2d 371.

■■ The final issue raised by the defendant is that the trial court abused its discretion in denying probation and in sentencing the defendant to two concurrent terms of from 5 to 15 years' imprisonment. The record reflects that the defendant had two prior convictions. In 1970 the defendant was charged with peace disturbance and was fined $45 plus costs. In 1971 the defendant was placed on 2 years' probation on the charge of carrying a concealed weapon. The record also reflects that as a result of the defendant's commission of the instant offenses at least one of his teenage sons was induced to have intercourse with his 13-year-old daughter. There was also testimony evidencing the disruption of the defendant's family and the fear which the defendant instilled in his family. Considering these circumstances, together with the continuing aspect of these acts with the defendant's 13-year-old daughter, we find no abuse of discretion in denying the defendant's request for probation. Nor do we find any error in the trial court's imposing a minimum sentence in excess of the 1-year minimum provided by statute. Ill. Rev. Stat. 1973, ch. 38, pars. 11—10, 1005—8—1(c)(3).

We are, however, unable to justify the concurrent terms of 5 to 15 years imposed in the instant case. Consequently, pursuant to the power invested in this court by Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(4)), we reduce the sentences imposed in this case to concurrent terms of 3 to 9 years' imprisonment.

Accordingly, the judgments of conviction entered against the defendant are affirmed and this cause is remanded to the trial court for issuance of a corrected mittimus showing the modification of sentences as ordered by this court.

Affirmed, sentences modified, remanded with directions.

G. J. MORAN and CARTER, JJ., concur.