(No. 42779.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JACK KEEGAN, Appellant.

*Opinion filed November 24, 1971.*

GUNNER & KELLER, of Dixon (WILLIAM R. GUNNER and TOMAS M. MAGDICH, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ALBERT N. KENNEDY, State's Attorney, of Dixon (THOMAS J. IMMEL, Assistant Attorney General, and EDWIN W. MERRICK, Assistant State's Attorney, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a jury trial in the circuit court of Lee County, defendant, Jack Keegan, was found guilty of the offense of indecent liberties with a child (Ill.Rev.Stat. 1967, ch. 38, par. 11—4) and sentenced to not less than 4 nor more than 10 years in the penitentiary. The conviction is based upon the charge that defendant, 54 years of age, masturbated a 12-year-old boy.

As grounds for reversal defendant contends that section 11—4 of the Criminal Code is unconstitutional for

the reason that it creates an unreasonable classification violative of the fourteenth amendment to the constitution of the United States and of article II of the constitution of Illinois (1870). He argues that while he was convicted of a felony under section 11—4, one committing the same acts under the same circumstances could be convicted of a misdemeanor under section 11—5, thus depriving him of equal protection of the law.

The statutes provide:

"11—4. Indecent Liberties with a Child.  (a) Any person of the age of 17 years and upwards who performs or submits to any of the following acts with a child under the age of 16 commits indecent liberties with a child:

> (1)  Any act of sexual intercourse; or
> (2)  Any act of deviate sexual conduct; or
> (3)  Any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both.

(b) It shall be an affirmative defense to indecent liberties with a child that:

> (1)  The accused reasonably believed the child was of the age of 16 or upwards at the time of the act giving rise to the charge; or
> (2)  The child is a prostitute; or
> (3)  The child has previously been married.

(c)  Penalty.

> A person convicted of indecent liberties with a child shall be imprisoned in a penitentiary from 4 to 20 years.

"11-5. Contributing to the Sexual Delinquency of a Child.  (a) Any person of the age of 14 years and upwards who performs or submits to any of the following acts with any person under the age of 18 contributes to the sexual delinquency of a child:

    (1)  Any act of sexual intercourse; or

    (2)  Any act of deviate sexual conduct; or

    (3)  Any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both; or

    (4)  Any lewd act done in the presence of the child with the intent to arouse or to satisfy the sexual desires of either the person or the child or both.

(b) It shall not be a defense to contributing to the sexual delinquency of a child that the accused reasonably believed the child to be of the age of 18 or upwards.

(c) Penalty.

A person convicted of contributing to the sexual delinquency of a child shall be fined not to exceed $1,000 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both."

It is apparent that the masturbation of a 12-year-old boy by a 54-year-old man constitutes indecent liberties with a child under section 11—4 (3) and also constitutes contributing to the sexual delinquency of a child under section 11—5 (3).

Sections 11—4 and 11—5 embrace a number of adult-child sexual offenses previously covered in several statutes with a wide range of penalties. (Ill.Rev.Stat. 1959, ch. 38, par. 490 (statutory rape—1 year to life); par. 109 (indecent liberties—1 to 20 years); pars. 103 and 104 (contributing to delinquency—fine of not to exceed $200 or confinement other than in the penitentiary not to exceed 1 year or both), par. 141 (crime against nature—1 to 10 years) and par. 537 (seduction of females—a fine of $1,000 to $5,000 or imprisonment other than in the penitentiary not to exceed 1 year or both).)

The Committee Comments to sections 11—4 and

11—5 state in part: "Subsection (b) provides three affirmative defenses to any charge under 11—4(a).*** It should be noted that no such defenses are provided in section 11—5, the misdemeanor section. This distinction between the two sections is consistent with the policy of the Code to abandon absolute liability in felony offenses. (See sec. 1—2(c).) The main emphasis of section 11—4 is that of victimizing the child's immaturity, knowingly and deliberately. One who engages in a sexual act with another, believing honestly and reasonably that such other was of sufficient age to exercise discretion and mature judgment in the matter, may have overstepped the boundaries of acceptable conduct, but such an offender has not exhibited a dangerous propensity to victimize the immature." (S.H.A. 1972, ch. 38, sec. 11—4, at 379.) "The misdemeanor section here is intended to preserve the state penal policy of discouraging premature ventures into sexual experiences. Patterned closely after the companion felony section, but stripped of concern for subjective guilt, it is intended to operate as a lesser included offense in relation to section 11—4." S.H.A. 1972, ch. 38, sec. 11—5, at 412.

The Criminal Code defines an included offense as an offense which is "established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." (Ch. 38, par. 2—9(a).) Under this definition, contributing to the sexual delinquency of a child (par. 11—5) is a lesser included offense of indecent liberties with a child (par. 11—4).

There are a number of sections of the Criminal Code in which the penalty provided for the same proscribed conduct ranges from confinement in the penitentiary, the punishment provided for a felony (ch. 38, par. 2—7), to confinement other than in the penitentiary for less than one year and/or a fine, the punishment for a misdemeanor (ch. 38, pars. 1—7, 2—11). See, *e.g.,* Ill.Rev.Stat. 1969, ch.

38, par. 9—3(c)(2) (reckless homicide); par. 10—1(c) (kidnapping); par. 10—3(b) (unlawful restraint); par. 11—12(c) (bigamy); par. 11—16(b) (pandering); par. 11—20(d) (obscenity); par. 12—2(b) (aggravated assault); par. 12—4(a), (b) and (c) (aggravated battery); par. 12—6(b) (intimidation); par. 12—7 (compelling confession); par. 12—8 (dueling); par. 14—4 (eavesdropping); par. 17—3(d) (forgery); par. 21—1 (criminal damage to property); par. 21—4 (criminal damage to state-supported property); par. 25—1(c) (mob action); par. 26—1(b) (disorderly conduct); par. 28—1(c) (gambling); par. 29—1 (offering a bribe); par. 29—2 (accepting a bribe); par. 31—4 (obstructing justice); par. 31—5 (concealing or aiding a fugitive); par. 32—2 (perjury); par. 32—3 (subornation of perjury); par. 32—4(b) (communicating with jurors and witnesses); par. 32—6 (performance of unauthorized acts); par. 32—8 (tampering with public records); par. 33—1 (bribery); par. 33—3 (official misconduct); par. 39—2 (criminal usury); par. 39A—2 (juice racketeering); par. 42—2 (looting); par. 70—52(b) (block busting); par. 90—2 (legislative misconduct); par. 90—11 (destruction of draft card).

It is axiomatic that in enacting a statute designed to suppress an evil the General Assembly may make classifications with which the courts will not interfere unless they are shown to be unreasonable and arbitrary. In our opinion the Committee Comments to sections 11—4 and 11—5 correctly state the legislative intent that 11—5 is designed to discourage ventures into sexual experiences with children under 18, and 11—4 is designed to prevent the knowing and deliberate victimization of immature children under 16. This latter intent is further demonstrated by the fact that affirmative defenses, based upon a reasonable belief that the child is 16 or more years of age, or the fact that the child has previously been married or is a prostitute are available under this section. Clearly, as it did with the offenses above enumerated, it was the

legislative intent to provide in these companion sections a broad range of permissible penalties for the conduct proscribed. We do not find the classification so arbitrary or unreasonable as to be discriminatory.

Defendant argues that the statute gives unguided discretion to a grand jury or a magistrate to determine whether a defendant should be charged with a misdemeanor or a felony. As demonstrated by the sections above enumerated there are a number of statutes which provide for penalties applicable to felonies and alternatively for penalties applicable to misdemeanors. We have previously held that if the conduct for which a defendant is prosecuted constitutes a misdemeanor under one statute and a felony under another, there is no error in convicting him of the felony. *(People v. Singer, 288 Ill. 113.)* With respect to the discretion to be exercised in determining under which statute the defendant is to be prosecuted, in *People v. Rhodes, 38 Ill.2d 389,* at page 396 we said: "The State's Attorney is the representative of the People and has the responsibility of evaluating the evidence and other pertinent factors and determining what offense can properly and should properly be charged." We hold, therefore, that in being charged under section 11–4, although the same conduct could have been the basis of a conviction under section 11–5, the defendant was not denied equal protection of the law.

Defendant argues next that the indictment is defective in that it fails to charge an offense under the statute, fails to allege the necessary elements of the offense, and fails to state the charge with sufficient certainty. The indictment alleges that the defendant, a person of 17 years of age and upwards performed certain acts of lewd fondling and touching of a child under the age of 16 years in violation of section 11–4 of the Criminal Code and meets the requirement of section 111–3(a) of the Code of Criminal Procedure. Ill.Rev.Stat., ch. 38, par. 111–3(a).

Defendant's next contention arises out of the trial court's denial of his motion for a mistrial made during the selection of the jury. The trial of the case commenced on Monday, July 14, 1969. On that day, on the front page of the Dixon Evening Telegraph, the only evening paper of general circulation in Lee County, there appeared the following article:

### "4 JURORS PICKED FOR KEEGAN TRIAL

Four jurors were accepted this morning during the opening phase of the trial for Jack Keegan, about 50, 604 Van Buren Ave. Keegan is named in several counts of taking indecent liberties with a child.

Keegan was charged with the violation Dec. 10, 1968, when State police, armed with a search warrant, allegedly confiscated color slides of nude and partially unclothed children from the Keegan residence.

Freed on a $15,000 bond, Keegan was later named in four more similar complaints. He was indicted by a Lee County Grand Jury a month following original charges.

In April 14 court action this year, Associate Judge John B. Phillips, Oregon, ruled the search warrant quashed and seized evidence ordered suppressed, upon motion of Keegan's attorney, William Gunner.

Phillips was named to sit on the bench for the trial by Circuit Judge James E. Bales. The change of judges followed a request by Keegan; who is, according to law, allowed two changes of judges.

On April 22 of this year, Keegan was denied a motion that the case be dismissed. On April 29, Keegan pleaded innocent and trial date set for today."

The next morning, before opening statements were made, defendant's attorney moved for a mistrial. The trial court in overruling the motion said: "I am going to overrule your motion. It seems like mere routine reporting to me and not inflammatory." Defense counsel then requested permission to examine each juror as to whether he or she had read the article. This motion was allowed. Ten of the jurors stated they had not read the article and no further questions were asked of them. Two of the jurors stated they had read the article, but it would not influence them.

In *People v. Hryciuk, 5 Ill.2d 176,* this court stated: "*** the statement of a juror that reading a prejudicial newspaper article has not influenced him should not be considered conclusive. Basing the determination solely upon the statements of the jurors ignores and evades the real issue. The determination of that issue must, therefore, rest in the sound judicial discretion of the court to reach an inference, from all the facts and circumstances, that a fair trial has, or has not, been interfered with. *** Obviously the most controlling fact or circumstance to create an inference is the character and nature of the prejudicial statements." 5 Ill.2d 176, 184.

The article in question informed at least two of the jurors that the police had found color slides of nude and partially unclothed children in defendant's home and that the court had suppressed this evidence on motion of defendant's attorney. It also informed them that defendant was named in four similar complaints. While not quite so prejudicial, they were also informed that defendant had requested that the circuit judge from Dixon not preside at his trial and that the judge who was presiding had denied defendant's motion to dismiss the case.

The offense with which defendant is charged has been described by this court as "similar in character to that of rape, because it is an accusation easily made, hard to be proved, and harder to be defended by the party accused, though ever so innocent." *People v. Watkins, 405 Ill. 454, 457.*

We do not agree with defendant's contention that the evidence is not sufficient to prove him guilty beyond a reasonable doubt. The record shows, however, that defendant denied the act of which he is accused and 16 prominent citizens testified that his general reputation in the community for moral character, moral conduct and truthfulness was excellent. We are not prepared to speculate what the verdict might have been if two jurors had not read the prejudicial article. Under the circumstances we

hold that defendant did not receive a fair trial, free of prejudicial error. The judgment of the circuit court of Lee County is therefore reversed and the çause remanded for a new trial.                                      *Reversed and remanded.*