THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES SIGLAR, Defendant-Appellant.

(No. 73-14;

Fifth District—February 21, 1974.

*Rehearing denied April 19, 1974.*

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Michael Q. Jones, Senior Law Student, of counsel), for appellant.

Herbert L. Lantz, Jr., State's Attorney, of Chester (James W. Jerz and Edward N. Morris, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

On January 3, 1969, an indictment was filed in the Circuit Court of Randolph County charging the defendant, James Siglar, with the alleged offenses of escape, kidnapping, theft in excess of one hundred fifty dollars ($150.00) (two counts), burglary, and armed robbery.

On February 20, 1969, defendant entered a plea of not guilty to all of the above charges.

On November 22, 1972, defendant, accompanied by his court-appointed counsel, withdrew his plea of not guilty and pleaded guilty to each of the above six charges. At this time it was announced that this plea was the result of negotiations, the terms of which were that defendant would receive a sentence of three to six years for each charge except kidnapping, for which a sentence of three to five years would be imposed, all sentences to run concurrently.

After the court admonished the defendant concerning the guilty plea, the State's Attorney related the circumstances of the alleged offenses.

Defendant was alleged to have escaped from prison by kidnapping a prison official and taking a prison truck. He was then alleged to have entered a private residence and to have stolen several articles, including a gun, while waiting for the residents to return. Upon their return, Siglar was alleged to have used the gun to rob them and to have taken their automobile to further facilitate his escape.

The court accepted defendant's guilty plea to all charges and imposed sentence in conformance with the plea negotiations.

From these sentences defendant appeals.

The issues presented to this court are whether the trial court could properly impose separate sentences on all six counts of the indictment and whether the sentences imposed conform to the Unified Code of Corrections.

Defendant-appellant contends that there were in fact only two separate

offenses, escape and armed robbery, and that sentences imposed for all counts, except the count of armed robbery, are not in accord with the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, sec. 1001—1—1 *et seq.*). The State contends that more than two offenses were chargeable and, regardless of how many separate offenses were involved, appellant is precluded from raising this issue on appeal because he pleaded guilty to all six counts. The State admits that sentencing was not in accord with the Unified Code of Corrections.

With regard to the proper number of chargeable offenses, the applicable statute is Ill. Rev. Stat., ch. 38, sec. 1005—8—4(a). It provides that "The Court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. Sentences shall run concurrently unless otherwise specified by the Court."

■■ Our supreme court has accepted an "independent motivation" test to determine whether particular chargeable offenses are "part of a single course of conduct during which there was no substantial change of the criminal objective." *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679; *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24; *People v. Prim*, 43 Ill.2d 62, 289 N.E.2d 601.

In discussing the meaning of the independent-motivation test, this court in *People v. Ike*, 7 Ill.App.3d 75, 286 N.E.2d 391, stated: "We take this to mean that under the facts of this particular case it was determined that force was an essential element to be shown in proving the offense of attempted robbery and that as such the hitting was an integral and inseparable part of that crime. In other words, the same element of proof (force) was essential to both the robbery and battery." We do not subscribe to the theory that the defendant's conception of his motivation is determinative. The test must be more objective and must consist in an appraisal of all the surrounding facts to determine if the defendant's actions resulting in more than one possible charge were in fact a single course of conduct with no change in the criminal objective and with no new elements of proof required.

■■ As we review the record of this case and consider further the definition of "conduct" in the Illinois Revised Statutes, ch. 38, sec. 2—4, as "an act or a series of acts and the accompanying mental state", it seems to us there were three times when the appellant was independently motivated and when he was pursuing a single course of conduct—when he carried out his escape; when he decided to enter a private home and burglarize it; and when he decided to remain in that home until the occupants returned so he could rob them and acquire another vehicle. We held, therefore, that he was properly chargeable with three offenses

—escape, burglary and armed robbery. However, the State argues that appellant's plea of guilty precludes him from challenging the appropriateness of these charges and sentences on appeal. The State cites *People v. Stanley*, 50 Ill.2d 320, 278 N.E.2d 792; *People v. Love*, 6 Ill.App.3d 577, 286 N.E.2d 355, and *People v. Moore*, 8 Ill.App.3d 351, 290 N.E.2d 268, to support its contention. These cases held that pleas of guilty admit all elements of the offense and that non-jurisdictional defects are waived. But appellant does not question that the offenses were committed. None of these cases dealt with sentencing, and the court did not pass sentence until after the plea of guilty was accepted. Thus, while the plea might waive prior defects, it could not possible waive subsequent ones.

We would point out that the record in this case does not disclose that the requirements of Rule 402(a)(2) requiring a trial court to admonish the defendant regarding minimum and maximum sentences, added penalties, and the possibility of consecutive sentences, were fully met. (*People v. Zatz*, 13 Ill.App.3d 322, 300 N.E.2d 16.) However, this issue was not raised on appeal and, viewing the record overall, we do not believe the defendant's rights were prejudiced.

■■ Accordingly, we hold that while the charges stand, sentences can be imposed only for escape, burglary and armed robbery.

●■ In accord with the requirements of the Unified Code of Corrections, sentence for these offenses are changed to provide as follows:

Escape—two to six years.

Burglary—two to six years.

The sentence for armed robbery remains at three to six years since it is not affected.

The judgment of the Circuit Court of Randolph County is affirmed as modified.

Affirmed as modified.

EBERSPACHER, P. J. and CREBS, J., concur.