(No. 46511.—

LARRY DEAN PHELPS *et al.,* Appellees, v. DENNIS R. BING, County Clerk, Appellant.

*Opinion filed September 17, 1974.*

James R. Burgess, Jr., State's Attorney, of Urbana (Frances C. Hulin, Assistant State's Attorney, of counsel), for appellant.

J. Steven Beckett, of Reno, O'Byrne & Kepley, of Champaign, for appellees.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The plaintiffs, Larry Phelps, age 20, and Nikki Rexroad, age 19, sought a marriage license in Champaign County where both were residents. The defendant, Champaign County Clerk Dennis Bing, refused to issue the license because Phelps was not 21 years old and had no parent or legal guardian to give consent as required by the provisions of sections 3 and 6 of the Marriage Act (Ill. Rev. Stat. 1973, ch. 89, pars. 3, 6). Plaintiffs then filed a petition for a writ of *mandamus* alleging that section 3(b) of the Marriage Act is unconstitutional in that it discriminates in age requirements between males and females, and asking that the defendant clerk be ordered to issue a marriage license to the parties.

The trial court found that section 6 of the Marriage Act violated section 18 of article I of the Constitution of 1970 and was therefore invalid. While defendant objected that *mandamus* was not the proper remedy, the writ was awarded directing the county clerk to issue a marriage license. The case comes to us on direct appeal pursuant to Rule 302. 50 Ill.2d R. 302.

Section 3 of the Marriage Act provides in pertinent part:

> "The following persons may contract and be joined in marriage:
>
> (a) Male persons of 21 or more years and female persons of 18 or more years; or
>
> (b) Male persons of 18 or more years and female persons of 16 or more years. However, the parent or guardian of such person must appear before the county clerk in the county where either such minor person resides, or before the county clerk to whom application for a license under Section 6 is made, and make affidavit that he or she is the parent or guardian of such minor and give consent to the marriage. ***"

Section 3.1 provides:

> "Male persons of 16 or more years and female persons of 15 or more years may contract and be joined in marriage provided such persons first present to the county clerk who is requested to issue to them a marriage license, a certified copy of a court order which has been obtained pursuant to Section 3.2 of this Act. No county clerk shall issue a marriage license under this Section unless such order has been so obtained as provided in Section 3.2."

Section 6 provides:

> "If the male is over the age of 18 years and under the age of 21 years, or the female is over the age of 16 years and under the age of 18 years, no license may be issued by the County Clerk, unless the consent in writing of the parents of the person under age, or one of such parents, or of his or her guardian, is presented to him, duly verified by such parents, or parent, or guardian, and such consent must be filed by the Clerk, and he must state such facts in the license."

The effect of this statutory scheme is that while a male must be 21 to obtain a license to marry without parental consent, 18 to marry with consent, and 16 to marry by court order, a female may obtain a license at 18 without parental consent, at 16 with consent, and at 15 by court order.

Section 18 of the Bill of Rights of the Constitution of 1970 (Ill. Const. (1970), art. I, sec. 18) provides:

"The equal protection of the laws shall not be denied or abridged on account of sex by the State or its units of local government and school districts."

In *People v. Ellis* (1974), 57 Ill.2d 127, 132, 133, we found this section "was intended to supplement and expand the guaranties of the equal protection provision of the [Federal] Bill of Rights" and that any classification based on sex is a "suspect classification" which must withstand "strict judicial scrutiny" in order to be upheld. The age classifications found in sections 3, 3.1, and 6 of the Marriage Act are obviously based on sex.

It is not argued that there exists, and we do not find, any compelling State interest which justifies treating males and females of the same age differently for the purpose of determining their rights to a marriage license. Accordingly we hold the higher age limitations for males in sections 3, 3.1, and 6 are invalid and that the lesser age limits therein shall apply to both males and females.

Defendant urges that the relief granted was improper because *mandamus* may be used only to compel an official to act when it is his duty to do so, and in this case the county clerk had no duty to act since the statutory law forbade him to do so. We see no merit in this contention since *mandamus* has often been deemed to be an appropriate means "for the simultaneous determination of issues of statutory constitutionality and the enforcement of rights initially determined to exist in the proceeding awarding the writ." *People ex rel. Scott v. Kerner* (1965), 32 Ill.2d 539, 545, and cases cited therein.

Accordingly, the judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*