THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD P. BOYER, Defendant-Appellant.

(No. 12389; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Fourth District—December 5, 1974.

*Rehearing denied January 21, 1975.*

SMITH, J., dissenting.

Blanford & Coogan, of Lincoln (David L. Coogan, of counsel), for appellant.

Roger W. Thompson, State's Attorney, of Lincoln, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was convicted in a bench trial of the offense of aggravated incest and sentenced to imprisonment for 1 to 5 years. He raises two issues on appeal. First, he contends that the conviction should be reversed because section 11—10 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, § 11—10) amounts to a denial of equal protection for fathers and is discriminatory on the basis of sex in violation of article I, section 18, of the Constitution of Illinois. Second, defendant contends the trial court abused its discretion in denying him probation.

Section 11—10 of the Code defines "aggravated incest" as:

"Any male person who shall perform any of the following acts with a person he knows is his daughter commits aggravated incest:
(1) Has sexual intercourse; or
(2) An act of deviate sexual conduct."

(Ill. Rev. Stat. 1971, ch. 38, § 11—10.)

The Criminal Code defines incest to be an act of sexual intercourse or deviate sexual conduct between mother and son or brother and sister. (Ill. Rev. Stat. 1971, ch. 38, § 11—11.) Incest is a Class 3 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, § 11—11(b)), whereas aggravated incest carries a penalty provision as a Class 2 felony. Ill. Rev. Stat. 1972 Supp., ch. 38, § 11—10(c).

Defendant contends that fathers are denied equal protection of the laws and suffer sexual discrimination in that they are subjected to the penalties of a Class 2 felony for acts forbidden by the statutes, whereas a mother would be subjected to a Class 3 felony. The prohibited sexual relationship is between a parent and that parent's child. When the parent is a male and the child his daughter, the man is subjected to a possible maximum prison term of 20 years. (Ill. Rev. Stat. 1971, ch. 38, § 1005—8—1(b)(3).) However, if the parent is female and she has sexual relations with her son, she is subjected to a maximum possible term of imprisonment of 10 years. (Ill. Rev. Stat. 1971, ch. 38, § 1005—8—1(b.)(4).) Similarly, sexual relations between brother and sister are punishable by a maximum of 10 years imprisonment.

■■ It should be emphasized at this point that the offenses of aggravated incest or incest as statutorily defined do not involve any element of force.

■■ Section 18 of the Bill of Rights of the Constitution of 1970 (Ill. Const. (1970), art. , § 18) provides:

"The equal protection of the laws shall not be denied or abridged on account of sex by the State or its units of local government and school districts."

In *People v. Ellis*, 57 Ill.2d 127, 311 N.E.2d 98, the supreme court indi-

cated this provision was intended to expand the protections of the equal protection provision of the Bill of Rights. Inclusion of article I, section 18, required the court to hold that a classification based upon sex is a "suspect classification" and must be able to withstand "strict judicial scrutiny" to be held valid.

■■ The purpose of the statutes making incest a criminal offense is to prohibit sexual intercourse between those persons closely related, and thereby promote domestic peace and social policy. (42 C.J.S. *Incest* § 1 (1944).) The reasoning was expanded upon by the drafters of sections 11—10 and 11—11 of the Criminal Code in the Committee Comments to those sections:

"[C]*riminal* concern for incest should be limited generally to situations involving either (1) abuse of family authority; or (2) the possibility of biological risk of genetically defective offspring."

(S.H.A., ch. 38, § 11—10, Committee Comments at 437 (1972).) Also, the Committee Comments clearly indicate cultural traditions are a basis for the prohibitions against incestuous conduct. (S.H.A., ch. 38, § 11—11, Committee Comments at 445 (1972).)

■■ Under the statutes involved here, a male parent may be subjected to a greater penalty than a female parent, although both are guilty of the same conduct, *i.e.*, sexual relations with a child of the opposite sex of that parent. We do not believe this distinction will withstand the required "strict judicial scrutiny." Abuse of family authority is a very real risk, regardless of which parent is involved. Biological risk is present in either situation. The strong cultural and legal tradition against incest is not sufficient to uphold the distinction made in our statute in light of the strong constitutional mandate of equality of treatment between the sexes, particularly the self-executing provisions of section 18, article I, in the Illinois Constitution. It should be noted that neither of the provisions dealing with incestuous conduct require any showing of force on the part of the parent. Accordingly, we hold that penalty provision of section 11—10 violates section 18 of article I of the Illinois Constitution of 1970.

■■ It does not follow, however, that defendant's conviction must be reversed. In *Phelps v. Bing*, 58 Ill.2d 32, 316 N.E.2d 775, the court relied upon *Ellis* and section 18 of the Bill of Rights to invalidate a distinction contained in the Marriage Act concerning the ages of males and females being able to marry without consent of a parent or legal guardian. (Ill. Rev. Stat. 1973, ch. 89, §§ 3,6.) It held the higher age limitations for males to be invalid and applied the lesser age limits contained in the statutes to both males and females. We believe the result reached in *Phelps* requires us to apply the penalty provision of section 11—11 to section 11—10. Consequently, we can affirm a conviction for aggravated

incest as a Class 3 felony. This result seems to us to give meaning to the self-executing provisions of section 18 precluding discrimination because of sex and apply the lesser penalty provision applicable to incest insofar as it relates to aggravated incest. See *Ellis; Phelps*.

The judgment of conviction is affirmed. The sentence is vacated and this cause is remanded to the circuit court of Logan County with instructions that the defendant be resentenced for a Class 3 felony.

Conviction affirmed: sentence vacated: cause remanded with directions.

SIMKINS, P. J., concurs.

Mr. JUSTICE SMITH dissenting:

I would affirm the trial court in this case. At the outset we need to point out that we are dealing with sexual intercourse between father and a 14-year-old daughter that had continued over a period of some 2 years. In my opinion we must either reverse this conviction outright or affirm it. It is difficult for me to see how *People v. Ellis*, 57 Ill.2d 127, 311 N.E.2d 98, can possibly be the springboard for holding sections 11—10 and 11—11 of the Criminal Code unconstitutional and at the same time impose a lesser sentence. In both *Ellis* and *Phelps v. Bing*, 58 Ill.2d 32, 316 N.E.2d 775, the Supreme Court was dealing with age limitation of males and females respectively which affected the *identically same conduct* of both male and female, and in each instance the supreme court based its decision upon age discrimination for identical conduct and held such discrimination to be constitutionally invalid. We deal with an entirely different situation here. In *People v. McCalvin*, 55 Ill.2d 161, 302 N.E.2d 342, the defendants were males, 17 years of age and were found guilty of murder, burglary and six counts of armed robbery. They, too, argued that they were denied equal protection of the law by former section 2—7 of the Juvenile Court Act which provided that no boy under 17 years of age or a girl who was under 18 years of age at the time of the offense could be prosecuted under the Criminal Code unless the State's attorney filed a removal petition in the Juvenile Court. They argued that the Juvenile Court Act as unconstituted provided a 17-year-old girl with a procedural protection not accorded to 17-year-old boys. In disposing of this issue, Mr. Justice Schaefer rejected their argument and upheld the convictions stating:

> "These administrative and judicial decisions were not made upon the basis of age and sex alone. Many other factors were taken into account, such as the nature of the offense charged, the previous behavior of the minor, the possibilities of rehabilitation and, in general, the best interest of the minor and the safety of the public.

Those considerations, always implicit in the statute, have now been made explicit. (See, Ill. Rev. Stat., 1972 Supp., ch. 37, par. 702—7.) We do not have in this statutory scheme, therefore, a discrimination based upon sex alone, as was the case in *Reed v. Reed* (1971), 404 U.S. 71, 30 L.Ed.2d 225, 92 S.Ct. 251, and *Frontiero v. Richardson* (1973), 411 U.S. 677, (55 Ill.2d 161, 167, 36 L.Ed.2d 583, 93 S.Ct. 1764." 302 N.E.2d 342, 346.) Justice Schaefer refused to hold that age classification between boys and girls was a suspect classification and followed the earlier decision of the supreme court in *People v. Pardo,* 47 Ill.2d 420, 265 N.E.2d 656. It there held that the statute formerly drawing a line between those minors who were to be prosecuted criminally and those who might be restrained within the jurisdiction of the juvenile court cannot in our opinion be fairly described as a "suspect" classification. In *McCalvin,* the opinion points out that our legislature effective January 1, 1973, eliminated the age differential which gave rise to the defendant's claim. The special concurring opinion noted that the defendants in *McCalvin* were tried, convicted and sentenced prior to the effective date of the constitution of 1970, and that there was no basis for a retroactive application of the 1970 constitution.

In the case at bar, we necessarily take note that section 11—10 and 11—11 of the Criminal Code were each amended after the effective date of the new constitution, and were therefore presumptively made with full knowledge of its provisions. We recognize that in *Ellis* our supreme court stated that a classification based upon sex is a "suspect classification" and accordingly is subject to "strict judicial scrutiny". We perhaps also should note that the opinion submitted in this case holds both sections 11—10 and 11—11 unconstitutional. It follows therefore that a sentence imposed under neither section is constitutionally permissible. Accordingly, this conviction should be reversed outright.

However, such a conclusion even in the face of the 1970 constitution and under the holdings of the Supreme Court both prior and subsequent to that constitution has differentiated between sexual conduct of men and sexual conduct of women. Since 1843, the Illinois General Assembly has treated incest by a father with his daughter as a more serious offense than other incest relations. (See Historical Notes, S.H.A., ch. 38, §§ 11—10, 11—11 (1973).) In 1919, the legislature declared that father-daughter incest was punishable by a penitentiary term of 1 to 20 years as contrasted to a 1- to 10-year term for other relatives who were prohibited from intermarrying. (Hurd's Rev. Stat. 1919, ch. 38, pars. 156, 157.) These two sections remained unchanged basically until the adoption of the Criminal Code in 1961, when the minimum penalty for aggravated

incest was increased to 2 years while retaining the maximum of 20. We have already noted that the legislature effective January 1, 1973, approved this sentence distinction between aggravated incest and ordinary incest so far as penalty is concerned, and this in the face of a widely discussed new constitution. It is hardly likely that the 1973 legislators had any thought that their new legislation would be construed by this court to be unconstitutional on an issue of punishment which had prevailed in this State for more than 60 years. It didn't and it shouldn't.

We might also note that only a male person may be guilty of aggravated incest while both male and female may be guilty of ordinary incest. It should also be noted that a male may be guilty of aggravated incest with his stepdaughter or an adopted daughter. He may be guilty of ordinary incest with his mother, his brother or sister, whether of the whole blood or of the half blood, an observation which had nothing to do with this case as factually section 11—11 is not triggered. The intercourse was with no one described in section 11—11 nor is it an offense included in section 11—10. Hence no penalty can be imposed for a section 11—11 offense under which he is not guilty.

Thus it clearly appears that the differentiation is not based on sex alone but to a degree at least on the type of conduct performed. To deny that fundamental biological differences between men and women preclude the identical physical conduct by each is to deny the obvious. The term "sexual intercourse" is defined in section 11—1 of the Criminal Code as "sexual intercourse occurs when there is any penetration of the female sex organ by the male sex organ." It is thus obvious that no female is physically or biologically able to perform sexual intercourse with another female no matter whether the relationship is one of consanguinity or affinity. To equate the father-daughter relationship with a mother-son sexual relationship as similar acts between parents and a designated child ignores the differences between those acts, physically, psychologically, naturally, historically, and statistically. No governmental agency either through constitution or statute can make acts identical which are fundamentally nonidentical. No agency of government by statute or constitution can declare a stated relationship equal when in fact they are not. If such were possible, then we would point out that section 11—1 of the statute is unconstitutional making rape unlawful because it is limited to a male person, and thus distinguishes on the basis of sex alone. Is the abortion statute unconstitutional because it can have as its victim a female only?

It does not appear to me that the incest sections can be said to be based on sex alone and that there are other and more far reaching considerations controlling the penalties imposed where a male is involved

and where a female is involved. We think we may take judicial notice from the cases coming before this court that in sexual intercourse between male and female, and particularly minors, the physical and psychological danger to the female is demonstrated. We would further note that a father may be guilty under section 11—10 for acts committed on an adopted child or a stepchild. Neither can be convicted under section 11—11 for ordinary incest on such children. We cannot therefore conscientiously say that the differentiation between aggravated incest and ordinary incest is not justified. Does not equal protection under the law likewise protect a child of tender years from the same conduct that is described in this record? We think so, and in so doing, we revert to the proposition that the differentiation is not based on sex alone but on practical knowledge and moral experience extending back for at least 2000 years. Thus, the classification is neither arbitrary, unreasonable nor based on sex alone. In *People v. McCabe*, 49 Ill.2d 338, 275 N.E.2d 407, statutory classification and equal protection of the law are discussed at page 341 as follows:

"If any state of facts may reasonably be conceived which would justify the classification, it must be upheld [Citation]. The right of judicial questioning of a classification under the equal-protection clause is thus limited. As this court put it in *Thillens, Inc. v. Morey*, 11 Ill.2d 579, 593, 'Whether the enactment is wise or unwise; whether it is based on sound economic theory; whether it is the best means to achieve the desired results, and whether the legislative discretion within its prescribed limits should be exercised in a particular manner are matters for the judgment of the legislature, and the honest conflict of serious opinion does not suffice to bring them within the range of judicial cognizance.' But it is required that there be a reasonable basis for distinguishing the class to which the law is applicable from the class to which it is not. [Citation.] Appropriate respect should be given to the fact of a legislative classification, but there is a judicial obligation to insure that the power to classify has not been exercised arbitrarily and, if it has been, the legislation cannot be justified under the label of 'classification.' [Citation.] It was observed recently: '[A] state may not, under the guise of classification, arbitrarily discriminate against one and in favor of another similarily situated.' [Citation.]"

Lastly, so far as the problem of probation is concerned, *Moran* controls.