THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELMER YORK, SR., Defendant-Appellant.

(No. 74-98;

Fifth District—May 26, 1975.

114

APPEAL from the Circuit Court of Lawrence County; the Hon. WILLIAM G. EOVALDI, Judge, presiding.

Stephen P. Hurley and Ann L. Carr, both of State Appellate Defender's Office, of Mt. Vernon, and Gary Sibley, Research Assistant, for appellant.

William J. Scott, Attorney General, of Chicago, and R. S. Simpson, State's Attorney, of Lawrenceville (James B. Zagel, Jayne A. Carr, and Anne Taylor, Assistant Attorneys General, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant, Elmer York, Sr., was convicted after a jury trial in Lawrence County of two counts of aggravated incest and was sentenced to serve two consecutive 5- to 15-year terms. On appeal, 10 issues are raised which will be discussed separately below.

Defendant first contends that the aggravated incest statute (Ill. Rev. Stat. 1973, ch. 38, par. 11—10) denies him and others similarly situated the equal protection of the laws guaranteed by the United States and Illinois Constitutions. (U.S. Const., amend 14; Ill. Const. (1970), art. I, §§ 2, 18.) First, defendant claims he is denied equal protection as a man since a father-daughter (stepdaughter) sexual act is punished as a Class 2 felony while the same act committed by a mother with her son is a Class 3 felony. The second claim of discrimination is that by statute a stepdaughter under age 18 is treated as a daughter while a stepson is not treated as a son. Thus, a stepfather's intercourse with his stepdaughter is aggravated incest while the stepmother's identical act with a stepson is not even incest. It may, of course, constitute some other offense.

It is not because defendant is a male, however, that the different

treatment exists. Brother-sister sexual relations, including stepbrother-stepsister, are proscribed by section 11—11. And, on the other hand, uncles, cousins, grandfathers, nephews and men whose stepdaughters or adopted daughters have reached 18 years of age are not susceptible to prosecution for incest.

■■ Defendant argues correctly that differences in treatment of groups or individuals because of sex is suspect in Illinois and subject to "strict scrutiny." (*Phelps v. Bing*, 58 Ill.2d 32, 316 N.E.2d 775 (1974); *People v. Ellis*, 57 Ill.2d 127, 311 N.E.2d 98 (1974).) As noted above, however, we do not view the aggravated incest-incest difference as based on sex.

More severe penalties are levied against fathers and stepfathers, not because they are men, but because of their positions in the family. The Committee Comments to both section 11—10 and section 11—11 indicate that the rationale behind punishing incest is founded on two concerns: first, the danger of biological mutations which might occur in the issue of such relationships; and second, the desire to protect children from the abuse of parental authority. Defendant does not contend that these are not valid concerns of the legislature or that, as such, provide the basis for proscriptions of incestuous relationships. He does contend, however, that neither of these reasons offers a rational distinction for the harsher treatment of fathers and stepfathers. In *People v. Boyer*, 24 Ill.App.3d 671, 321 N.E.2d 312 (1974), the Appellate Court for the Fourth District accepted this argument in holding that a father was denied the equal protection of the law when he was convicted of aggravated incest. Were these the only considerations involved, we would probably agree.

But the reasons behind the legislature's proscription of incest are not the only basis for the aggravated incest statute with increased penalties. The Committee Comments to section 11—10 state that "the vast majority of incest cases that are prosecuted involve a father's abuse of a daughter." In fact, not a single case of aggravated incest or incest has been found which involved other than a father-daughter or stepfather-stepdaughter relationship, save two (*David v. People*, 204 Ill. 479, 68 N.E. 540 (1903); *People v. Binger*, 289 Ill. 582, 124 N.E. 583 (1919)) which involved uncles and nieces, no longer the offense of incest.

The legislature, in enacting the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*) stated its purposes in section 1—1—2:

"The purposes of this Code of Corrections are to:
(a) prescribe sanctions proportionate to the seriousness of the offenses and permit the recognition of differences in rehabilitation possibilities among individual offenders;

(b) forbid and prevent the commission of offenses;

(c) prevent arbitrary or oppressive treatment of persons adjudicated offenders or delinquents; and

(d) restore offenders to useful citizenship."

That the offense of incest is serious is illustrated by the Committee Comments to sections 11—10 and 11—11 and is admitted by defendant in his brief. That it is justifiable for the legislature to seek to "forbid and prevent" it is no less certain. The legislature has determined that a more severe penalty is needed to deter those who most often (if not exclusively) commit the offense. We do not feel that such a determination is arbitrary, irrational, or unreasonable. We find, therefore that section 11—10 does not offend the equal protection clauses of the United States or Illinois constitutions.

■■ The next allegation of error is that defendant was convicted on the basis of unbelievable testimony by the complaining witnesses and numerous errors by the court. Because of our decision in this case, we need not discuss the evidence in detail. Defendant was accused of having sexual intercourse with two minor stepdaughters. The two girls testified to acts occurring on or around the dates charged in the indictment. They also testified that the incidents had occurred regularly for several years. The girls' testimony was that most of the acts occurred in the three-bedroom family residence which housed seven children and Mr. and Mrs. York. Mrs. York was never aware of the acts according to the girls. The situation was discovered when the younger girl told a friend who in turn told her mother. The police were notified. When questioned by police, the older girl denied that intercourse had occurred but later admitted it. Both girls were removed from the home in proceedings instituted by the Department of Children and Family Services and placed in foster homes. In addition to the girls, two police officers and three employees of the Department of Children and Family Services testified. There were inconsistencies and contradictions in the testimony which properly were resolved by the jury. Were it not for the numerous errors discussed below, we would hold the evidence sufficient to prove defendant guilty beyond a reasonable doubt.

Defendant contends that the court erred in failing to require the State to elect which count of the indictment it intended to pursue. The motion was made immediately prior to trial. Defendant argued that the two charges did not arise from a single transaction and, therefore, could not be joined in a single indictment. The State responded "that the two charges contained in the indictment are charges, although of different dates they are the same offense in effect and we feel that the same should be tried together." The court stated, "If you want to try them together, we'll try them together. The motion will be denied."

Section 111—4(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 111—4(a)) states:

"Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or on 2 or more acts which are part of the same comprehensive transaction."

Section 1114—7 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—7) states:

"The court may order 2 or more charges to be tried together if the offenses * * * could have been joined in a single charge. The procedure shall be the same as if the prosecution were under a single charge."

The converse, that if the offenses could not have charged in a single indictment, joint trial is improper, can reasonably be inferred from the section.

The first sentence of the Committee Comments to section 111—4 states that the section is based ·on Rule 8 of the Federal Rules of Criminal Procedure. (18 U.S.C. Rule 8.) That rule states in subparagraph a:

"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, *are of the same or similar character* or are based on the same act or transacaction or *on two or more acts or transactions connected together or constituting parts of a common scheme or plan.*" (Emphasis added.)

The underscored phrases in the above quotation indicate clearly that had the legislature chosen to adopt Rule 8 in its entirety, there could be no doubt that joinder in the instant case would have been proper. The acts charged here are of similar character and they do at least constitute parts of a common scheme or plan. Our problem, however, is whether the acts constituted "part of the same comprehensive transaction."

■■ The State argued at the pretrial hearing that the two incidents charged were, "in effect, the same offense." We disagree. They were two distinct offenses, with different victims and dates. That the offenses were similar in nature does not, by itself, authorize joinder. (*People v. Bricker*, 23 Ill.App.3d 394, 319 N.E.2d 255 (1974).) The rule, as most often stated is that "a defendant cannot, over his objection properly made, be placed on trial in an indictment charging separate offenses when it affirmatively appears they are not of one and the same transaction, but are separate and distinct both in law and fact. *People v. Sting-*

*ley,* 414 Ill. 398, 111 N.E.2d 548 (1953); *People v. Fleming,* 121 Ill.App. 2d 97, 257 N.E.2d 271 (1970); *People v. Pullum,* 57 Ill.2d 15, 309 N.E.2d 565 (1974).

Defendant cites *Fleming* and *Pullum.* In *Fleming,* the court held that theft of an automobile and theft committed in selling the automobile were not part of the same transaction. In *Pullum,* the court held that armed robbery and prosecution for possession of marijuana found in the car in which defendant was arrested could not be joined in a single indictment.

The State relies on our cases of *People of Siglar,* 18 Ill.App.3d 381, 309 N.E.2d 710 (1974), and *People v. Ellington,* 7 Ill.App.3d 72, 286 N.E.2d 367 (1972). These cases however, deal with the sentencing provisions of section 5—8—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4) (formerly section 1—7(m) of the Criminal Code) proscribing consecutive sentences for offenses arising from a single course of conduct. We perceive a difference between that phrase and "same transaction," the latter appearing more limited in scope.

We find no precedent in the history of incest prosecution. Only one case has involved the prosecution of a defendant for incest with two relatives. (*People v. Turner,* 265 Ill. 594, 107 N.E. 162 (1914).) In that case, defendant was accused of incest with each of two daughters. But, although he was charged in one indictment, he was tried separately for each charge, apparently at the election of the State. In each trial, witnesses were not permitted to testify about acts with the daughter not the subject of the prosecution.

A multiple prosecution for aggravated incest by its nature presents an unusual situation. By definition, the victims must be daughters or stepdaughters. In this situation, involving stepdaughters, the victims must be under 18 years of age. As such, it is extremely likely that the defendant and both victims will live in the same home. It is not unlikely that the victims will have common heredity. Here, the two had the same mother, although apparently not the same father. It also is not surprising that both of the specific acts charged, and apparently all but one that occurred, happened in the family home. But if these are the tests, joinder would be possible in all but the most unusual incest cases.

The evidence presented shows that defendant pursued separate relationships with two victims. Defendant had intercourse with the older stepdaughter as much as three times a week for 8 years and with the younger almost every week for 5 years. Yet until shortly before the incidents came to the attention of the authorities, neither child had told

the other and defendant had not revealed his activities with one to the other. There was testimony that one child had once seen an act of intercourse with the other, but at no time did intercourse occur with both children actually present or participating. It is also notable that the act charged with the older daughter occurred on the same day that the younger informed the police of defendant's incest with her. The police did not discover this act until some time later. The sole common thread between the two series of acts was the defendant's desire for sexual gratification. Although the offenses themselves required the same elements of proof, the elements as to each daughter were proved by the testimony of each, independent of the other. That the secondary, corroborative evidence came from common sources was a product of a common investigation and does not affect the independence of the offenses themselves. We find that the offenses were separate and distinct, not constituting the same transaction, and that trial of both in the same proceeding was error. As noted above, the court in *People v. Turner*, 265 Ill. 594, 107 N.E. 162 (1914), commented on the impropriety of the admission of testimony of incest with one daughter in defendant's trial for incest with another daughter. In the instant case, the cumulative effect of the testimony of the two girls added to the testimony of one that she was pregnant by the defendant was highly prejudicial to defendant. We cannot say that the error was harmless.

We feel that other matters should be discussed to avoid error upon a a new trial.

We believe that a serious question exists whether error was committed in allowing the older stepdaughter to testify that she was pregnant by the defendant. The State argues that the girl was 8 months pregnant at the time of trial and that the jury needed some explanation of her condition. We presume that she will not be in a similar condition upon retrial, so that the incident need not be repeated.

■■ Defendant argues that the court erred in allowing employees of the Department of Children and Family Services to testify about civil proceedings commenced simultaneously for the welfare of the children. From the record as a whole, however, we believe no error was committed. The State and defense share equal responsibility for the elicitation of testimony about the Department's activities. The defense used the testimony in an attempt to discredit the complaining witnesses. We need not reach the question whether, in a new trial with proper objection by defendant and hearing by the court, the evidence should be admitted as probative.

■■ Defendant also contends that the court erred in permitting testimony that the two girls had submitted to polygraph examinations. The

results of the tests were not admitted. The State cites *People v. Parisie*, 5 Ill.App.3d 1009, 287 N.E.2d 310 (1972). The court there held that admission of testimony that a State rebuttal witness had undergone a polygraph examination did not tend to establish guilt or innocence of the defendant and was not error. In the instant case, any evidence of the veracity of the complaining witnesses about the charges lodged against defendant was clearly prejudicial to defendant. Even though the results of the tests were not admitted, the obvious implication was that had the results been negative, the case would not have been prosecuted. The admission of evidence that the complaining witnesses had taken polygraph examinations was error and should not be repeated.

■■ It is alleged that the court erred in allowing the complaining witnesses' brother/stepbrother to testify that he had been forced by defendant to have intercourse with the two girls. We agree. The testimony in no way tended to establish the guilt or innocence of the defendant and was calculated solely to prejudice the jury. We note that objections to the testimony were sustained and that the evidence of force was elicited thereafter. The prosecutor should refrain from producing antagonistic and objectionable testimony in the face of the court's rulings. The supreme court has stated its extreme displeasure over such tactics and has threatened disciplinary action in the future. *People v. Butler*, 58 Ill.2d 45, 317 N.E.2d 35 (1974).

Defendant asserts that the court erred in failing to order the production and disclosure of transcripts of testimony given by the complaining witnesses in juvenile proceedings apparently arising from the same facts. Defendant asked for the transcripts for impeachment purposes. The State argued that defendant was not entitled to the transcripts and that it was not certain that any transcripts existed. The court ruled that defendant had had sufficient opportunity to cross-examine the girls at the preliminary hearing to develop impeachment and held that defendant was not entitled.

■■ Although the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 701—1 *et seq.*) restricts drastically the situations in which evidence adduced at a hearing under the Act can be released or used in other proceedings, there are clear exceptions. Thus, where a juvenile codefendant testifies against the defendant at trial, the record of juvenile proceedings is both discoverable and admissible to show bias on the part of the witness as a result of leniency. (*People v. Norwood*, 54 Ill.2d 253, 296 N.E.2d 852 (1973); *People v. Hamilton*, 17 Ill.App.3d 740, 308 N.E.2d 216 (1974).) The Supreme Court of the United States has recently held that the protection of the right to confrontation of witnesses guaranteed by the Sixth Amendment outweighs any state interest in the

secrecy of juvenile proceedings where the record might be used to show bias on the part of a witness. (*Davis v. Alaska*, 415 U.S. 308, 39 L.Ed.2d 347, 94 S.Ct. 1105, (1974).) In *Davis*, the witness was on probation, and defendant sought to impeach him by demonstrating a reason why the witness would help the police.

■■ In the cases cited, the information was sought to impeach the witnesses because of bias. In the instant case, defendant obviously sought to find and exploit inconsistent statements by the two girls. Given the inconsistencies replete in their testimony, this tactic was proper. In addition, of course, the girls testified twice in open court to the incidents supporting the charges. The juvenile hearings apparently were not designed to adjudicate either girl delinquent. The State had no legitimate interest in keeping the transcripts secret, whereas the importance to defendant of their disclosure may have been paramount. We are not unmindful, however, of the State's assertions that the transcripts may not be available. We hold, therefore, that on retrial defendant is entitled to such transcripts of the juvenile proceedings listed in his motion for production as are available.

Because of our holding that the two counts were improperly charged and tried together, we need not discuss defendant's final contention, that consecutive sentences were improperly imposed.

We reverse the judgment of the Circuit Court of Lawrence County and remand the cause for a new trial.

Reversed and remanded.

JONES, P. J., and G. MORAN, J., concur.