THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELDON LOWELL YOCUM, Defendant-Appellant.

(No. 12846;

Fourth District—September 17, 1975.

TRAPP, J., dissenting.

Richard J. Wilson and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, and Julius Lucius Echeles and Frederick F. Cohn, both of Chicago, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert James Steigmann, Assistant State's Attorney, James Carlton Dedman, Law Student, and G. Michael Prall, of Illinois State's Attorneys Association, of Springfield, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant pleaded guilty to one count of aggravated incest and one count of indecent liberties with a child, the former having occurred

on April 17, 1973, and the latter having occurred during the month of June 1971. Both offenses arose out of conduct with an adopted daughter. A sentence of 4 to 6 years' imprisonment was imposed on the indecent liberties charge, and a concurrent term of 2 to 6 years' imprisonment was imposed on the aggravated incest count. On appeal defendant contends that his conviction for aggravated incest must be reversed because the statute defining the offense is unconstitutional. Additionally, he urges that the sentence on the indecent liberties count should be vacated and the case remanded to allow him to plead anew, or in the alternative, for resentencing.

In this court's opinion in *People v. Boyer,* 24 Ill.App.3d 671, 321 N.E.2d 312, *appeal allowed,* 58 Ill.2d 594, we found an unconstitutional discrimination against fathers existed under the penalty provisions of our statute prohibiting aggravated incest (Ill. Rev. Stat. 1973, ch. 38, par. 11—10) when compared to the penalty provisions of the statute prohibiting incest (Ill. Rev. Stat. 1973, ch. 38, par. 11—11). The unconstitutionality of the distinction arose from section 18 of the Bill of Rights of the Constitution of 1970, which provides:

> "The equal protection of the laws shall not be denied or abridged on account of sex by the State or its units of local government and school districts." Ill. Const. 1970, art. I, § 18.

As applied to the facts of this case, a further infirmity under the above constitutional provision exists between the two sections of the Criminal Code noted above. Defendant pleaded guilty to an aggravated incest count involving his adopted daughter who was under the age of 18.

> "(a) Any male person who shall perform any of the following acts with a person he knows is his daughter commits aggravated incest:
>
> (1) Has sexual intercourse; or
> (2) An act of deviate sexual conduct.
>
> (b) 'Daughter' for the purposes of this Section means a blood daughter regardless of legitimacy or age; and also means a stepdaughter or an adopted daughter under the age of 18." (Ill. Rev. Stat. 1973, ch. 38, par. 11—10(a)(b).

Only a father can be guilty of aggravated incest under section 11—10 of the Criminal Code. The prohibition against mothers having sexual intercourse or performing acts of deviate sexual conduct with their sons is contained in section 11—11 of the Criminal Code:

> "(a) Any person who has sexual intercourse or performs an act of deviate sexual conduct with another to whom he knows he is related as follows commits incest:
>
> (1) Mother or son; or

(2) Brother or sister, either of the whole blood or the half blood." Ill. Rev. Stat. 1973, ch. 38, par. 11—11(a).

■■ A clear reading of the statute reveals that incest is not committed when a mother performs one of the prohibited acts with an adopted son or stepson. However, where the prohibited acts are performed between a father and a stepdaughter or an adopted daughter under the age of 18, an offense is committed under the statute. Such a sex-based distinction is a "suspect classification" under article I, section 18, of the Bill of Rights and must be able to withstand "strict judicial scrutiny" to be valid.

In *Boyer*, we noted that incest is made a criminal offense in order to promote domestic peace and social policy. The Committee Comments to the Criminal Code sections dealing with incest mentioned three reasons for concern for incestuous conduct: (1) Abuse of family authority; (2) the possibility of biological risk of genetically defective offspring; and (3) cultural traditions against incestuous conduct. Ill. Ann. Stat., ch. 38, §§ 11—10, 11—11, Committee Comments, at 437, 443 (Smith-Hurd 1972).

The distinction made between father and mothers where the child is a stepchild or adopted child is even less defensible than the distinction found to be invalid in *Boyer*. Where the child involved is either a stepchild or an adopted child, there is no possibility of unusual biological risk of genetically defective offspring, one of the reasons for a determination that incestuous conduct is criminal. As we noted in *Boyer*, the risk of abuse of family authority is the same, regardless of which parent is involved. Also, as recognized in *Boyer*, cultural traditions are not sufficient to enable a suspect classification to withstand "strict judicial scrutiny."

■■ Defendant falls within that class of persons who are distinguished by the statute, as the conduct complained of here occurred between him and an adopted daughter. The provisions of article I, section 18, of the Illinois Constitution are self-executing (*Boyer*), and, therefore, defendant's conviction for aggravated incest is based on an unconstitutional discrimination and must be reversed. *Cf. People v. York*, 29 Ill.App.3d 113, 329 N.E.2d 845.

■■ We now turn to the portion of defendant's appeal dealing with his conviction for indecent liberties with a child. Defendant contends there was not substantial compliance with the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) in that the trial court did not advise him of the mandatory parole term to which he is subject as a part of the sentence. Such a requirement has been established by our supreme court in *People v. Wills*, 61 Ill.2d 105, 330 N.E.2d 505. However, the supreme court in *Wills* went on to note that the admonishment

with respect to the mandatory period of parole was to be applied prospectively to pleas taken subsequent to May 19, 1975. The plea in the present case was taken well before that date. After reviewing the record, we are satisfied that defendant's plea of guilty was voluntarily and intelligently made although the mandatory parole term was not explained to him.

■■ Defendant contends a further violation of Supreme Court Rule 402 occurred in that the record does not disclose that the victim of this offense was under 16 years of age at the time of the offense and therefore an inadequate factual basis for the plea was presented. A careful reading of the record discloses that the defendant's contention is erroneous. It was clearly established that the victim was under the age of 16 years on the date alleged in the indecent liberties count.

■■ Defendant further contends he was denied due process of law because the conduct which amounted to indecent liberties with a child under section 11—4 of the Criminal Code could also have been prosecuted under section 11—5 of the Criminal Code as contributing to the sexual delinquency of a child. (Ill. Rev. Stat. 1973, ch. 38, pars. 11—4, 11—5.) Indecent liberties with a child is a Class 1 felony whereas contributing to the sexual delinquency of a child is a Class A misdemeanor. The disparity in applicable sentences is great. A Class 1 felony is punishable by a term of imprisonment of 4 years or more. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(2).) A sentence of imprisonment for any term less than 1 year is the maximum term possible for a Class A misdemeanor. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—3(a)(1).) Defendant argues that the prosecution's absolute discretion in determining under which offense defendant's conduct will be charged violates his right to due process of law by subjecting him to "selective prosecution" based on the prosecutor's mere whim.

An argument similar to defendant's and based upon the same two offenses was rejected by the supreme court in *People v. Keegan*, 52 Ill.2d 147, 286 N.E.2d 345. Our supreme court in *Keegan* found equal protection guarantees were not violated by the existence of two statutes covering the same conduct because additional defenses were available for the one offense and not the other. The court in *Keegan* did not consider due process objections.

In *People v. McCollough*, 57 Ill.2d 440, 313 N.E.2d 462 *appeal dismissed*, 419 U.S. 1043, 95 S.Ct. 614, 42 L.Ed.2d 637, the Illinois Supreme Court considered our decision in *McCollough* (8 Ill.App.3d 963, 291 N.E.2d 505) in which we concluded that the defendant was deprived of due process and equal protection when his reckless driving of a motor vehicle causing death may be punished either as involuntary manslaugh-

ter or as reckless homicide. The majority of the appellate court in *McCollough* accepted an argument identical to that raised by defendant here. However, the supreme court reversed, holding the contention that the prosecutor was granted undue discretion in determining the offense for which he will prosecute was without merit. In quoting from *People v. Rhodes*, 38 Ill.2d 389, 231 N.E.2d 400, the court said:

> " "* * * The State's Attorney is the representative of the People and has the responsibility of evaluating the evidence and other pertinent factors and determining what offense can properly and should properly be charged.' " (57 Ill.2d 440, 444.)

The court went on to say in *McCollough* that the kind of determination committed to the discretion of the State's attorney under the manslaughter statute was the kind of discretion that is committed to him with respect to a host of other offenses. Such discretion was exercised by him every day, and was not an unconstitutional delegation of authority.

Under *Keegan* and *McCollough*, defendant Yocum did not suffer a deprivation of due process or equal protection by being charged with indecent liberties with a child instead of contributing to the sexual delinquency of a minor.

■■ Defendant also contends that his jury waiver and plea of guilty to the charge of indecent liberties with a child was not understandingly and voluntarily made because it was made in conjunction with and allegedly influenced by the pendency of the charge of aggravated incest. Because the aggravated incest conviction is reversed, defendant contends he must be given the opportunity to assess his options concerning a jury trial waiver and his plea. We reject defendant's arguments as being mere speculation. The record discloses no motion for a severance of the two offenses was made by defendant before his decision to waive a jury trial and his subsequent guilty plea. Under the circumstances of this case, defendant is not entitled to a reversal and remandment on the count of indecent liberties with a child.

■■ Finally, defendant contends that the indecent liberties count should be reversed and remanded for a resentencing hearing because the trial court may have been influenced in sentencing defendant to 4 to 6 years' imprisonment on that count by the companion conviction on the aggravated incest count. This we decline to do. A careful reading of the record of the sentencing hearing indicates the trial court heard several witnesses on defendant's behalf as well as considered the presentencing investigation report and other matters in aggravation and mitigation. The trial court clearly indicated the sentence of 4 to 6 years' imprisonment to be imposed on the indecent liberties count was required by the circumstances of the case. The trial court's comments indicate the sentence

for each conviction was considered separately from the other offense and sentence on each was imposed utilizing the proper considerations. Defendant had a prior criminal record. The trial court also had before it matters which it interpreted to amount to an attempt by defendant to influence the complaining witness on these charges. In short, the trial court considered all of the relevant sentencing criteria and arrived at a sentence on each count. Where the trial court carefully reviewed the background of defendant, the evidence of other substantial criminal and antisocial behavior by him, the sentence imposed is not such that this court should interfere with the authority vested in it by the provision of Supreme Court Rule 615 (Ill. Rev. Stat. 1973, ch. 110A, par. 615) and the guidelines for use of that authority as set forth in *People v. Taylor*, 33 Ill. 2d 417, 211 N.E.2d 673.

Accordingly, the conviction entered upon the plea of guilty and the sentence imposed for the offense of aggravated incest is reversed. The conviction and sentence for indecent liberties with a child is affirmed. The cause is remanded to the circuit court of Champaign County for the issuance of an amended *mittimus*.

Affirmed in part, reversed in part, remanded with directions.

SIMKINS, P. J., concurs.

Mr. JUSTICE TRAPP, dissenting:

Upon the issue of the constitutionality of section 11—10 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 11—10), I would adopt the views of Mr. Justice Smith stated in his dissent in *People v. Boyer*, 24 Ill.App.3d 671, 321 N.E.2d 312.