(Nos. 47934, 48013 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee and Appellant, v. ELDON LOWELL YOCUM, Appellant and Appellee.

*Opinion filed March 23, 1977.*

Julius Lucius Echeles, of Chicago, for Eldon Yocum.

William J. Scott, Attorney General, of Springfield, and James R. Burgess, Jr., State's Attorney, of Urbana (James B. Zagel, Jayne A. Carr, and Raymond McKoski, Assistant Attorneys General, all of Chicago, of counsel), for the People.

MR. JUSTICE DOOLEY delivered the opinion of the court:

On a plea of guilty, defendant, Eldon Yocum, was sentenced for aggravated incest and indecent liberties with an adopted minor daughter.

On appeal to the appellate court he urged these statutes to be unconstitutional since, he claimed, they discriminated between fathers and mothers, and hence violated section 18 of article I of the Illinois Constitution of 1970 assuring that "equal protection of the laws shall not be denied or abridged on account of sex." A male can be guilty of aggravated incest (Ill. Rev. Stat. 1973, ch. 38, pars. 11–10(a), (b)). A female committing the same conduct with a minor son is guilty of incest (Ill. Rev. Stat. 1973, ch. 38, par. 11–11(a)). There is a difference in the penalty provisions of the two statutes with aggravated incest, a Class 2 felony, carrying a potential punishment of 1 to 20 years in the penitentiary, while incest is a Class 3 felony with a potential imprisonment of 1 to 10 years.

The appellate court, relying on its decision in *People v. Boyer* (1974), 24 Ill. App. 3d 671, struck down the aggravated incest statute as unconstitutional and reversed defendant's conviction and sentence for aggravated incest, but affirmed his conviction and sentence for indecent liberties. (31 Ill. App. 3d 586.) We allowed petitions for leave to appeal filed by the defendant and the State, and have consolidated the appeals for decision.

This court held the aggravated incest statute constitutional and reversed the appellate court in our decision in *People v. Boyer* (1976), 63 Ill. 2d 433.

Accordingly, the judgment of the appellate court is reversed in part, and the conviction of the circuit court for aggravated incest is affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed.*