JOAN MAC DONALD *et al.*, Plaintiffs-Appellants, *v.* THE CHICAGO BOARD OF EDUCATION *et al.*, Defendants-Appellees.

First District (5th Division)   No. 62306

━━━━━

Opinion filed October 22, 1976.

Joel H. Greenburg, of Chicago, for appellants.

Kirkland & Ellis, of Chicago (John E. Angle and Shane H. Anderson, of counsel), for appellees.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Ozella Dukes, guardian of the estate of Marilyn Lenore Bates and Albert Bates, appeals from an order dismissing her second amended complaint. She contends: (1) she has standing to seek damages for sexually discriminatory acts perpetrated against the mother of her wards, and (2) she is not barred from seeking a recovery because the mother failed to fulfill certain statutory prerequisites.

Plaintiff Joan Mac Donald in Count I of the original complaint sought a declaration that section 17—122[1] of the Illinois Pension Code (Ill. Rev.

---

[1] Section 17—122 provided in pertinent part:
"Upon the death of a male teacher who has completed at least 1½ years of contributing service with either this Fund or the State Universities Retirement System or the Teachers' Retirement System of the State of Illinois, provided his death occurred while (a) in active service covered by the fund or during his first 18 months of continuous employment without a break in service under any other participating system as defined in the Illinois Retirement Systems Reciprocal Act except the State Universities Retirement System and the Teachers' Retirement System of the State of Illinois, (b) on a creditable leave of absence, (c) on a non-creditable leave of absence of no more than one year, or (d) a pension was deferred or pending provided the teacher had at least 10 years of validated service credit, or upon the death of a male pensioner otherwise qualified for such benefit, the widow and unmarried minor children of the deceased teacher under age 18 shall be entitled to pensions, under the conditions stated hereinafter. ° ° °"

Stat. 1973, ch. 108½, par. 17—122) was unconstitutional on the grounds that it violated section 18 of article I of the Constitution of 1970. Section 17—122 was amended by Public Act 78-1129, section 1, on October 1, 1974, subsequent to the filing of the original complaint. The ultimate disposition of that claim is not at issue in this appeal.

In Count II of the second amended complaint, plaintiff Dukes, guardian of the estates of children of a female public school teacher, sued for damages incurred by the allegedly sexually discriminatory acts taken by defendants pursuant to section 17—122, which resulted in failure to pay to survivors of female public school teachers, benefits equal to the benefits received by the survivors of male teachers between July 1, 1971, the effective date of the Illinois Constitution of 1970, and October 1, 1974, the effective date of the statutory amendment.

Defendants moved to dismiss the second amended complaint alleging, *inter alia*, that the circuit court lacked jurisdiction to hear a cause for damages against the State, and that plaintiff lacked standing because she was not a person against whom discrimination was directly being practiced.

After a hearing on the motion, the trial court found, in pertinent part, that although the circuit court had jurisdiction to consider the cause, plaintiff lacked standing to challenge defendants' actions, and dismissed the complaint.

OPINION

Plaintiff contends she has standing to seek damages for sexually discriminatory acts perpetrated against the mother of her wards. The gravamen of her cause is that section 17—122 of the Illinois Pension Code (Ill. Rev. Stat. 1973, ch. 108½, par. 17—122) violated section 18 of Article I of the Constitution of 1970. Section 18 states:

> "The equal protection of the laws shall not be denied or abridged on account of sex by the State or its units of local government and school districts."

We believe our Supreme Court has addressed the specific issue of standing to challenge a statute's constitutionality on the basis of section 18, article I in *In re Estate of Karas* (1975), 61 Ill. 2d 40, 329 N.E.2d 234. In *Karas*, appellants challenged those provisions of the Probate Act which barred illegitimate children from inheriting from fathers who died intestate having never married the child's mother. Appellees therein contended appellants lacked the necessary standing to bring a claim under section 18 of article I of the 1970 Constitution. The court distinguished its prior decisions in *People v. Ellis* (1974), 57 Ill. 2d 127, 311 N.E.2d 98, and *Phelps v. Bing* (1974), 58 Ill. 2d 32, 316 N.E.2d 775, and held:

> "Neither case involved a situation wherein the affected individuals

asserted a constitutional deprivation based solely on the sex of another person, as in these appeals. The official explanation of section 18 of article I recites that 'no government in Illinois may deny equal protection of the law to anyone because of his or her sex.' (7 Record of Proceedings, Sixth Illinois Constitutional Convention 2688.) *This explication indicates that State constitutional issues raising question of classifications based on sexual differentiation may be raised by individuals who are thereby affected as a result of their own sex.* For this reason, we are of the opinion that petitioner's State constitutional claim is without merit." (*In re Estate of Karas* (1975), 61 Ill. 2d 40, 55, 329 N.E.2d 234, 241-242.) (Emphasis added.)

Plaintiff brings the instant case as guardian of the estate of children of a female public school teacher. She did not allege that section 17—122 discriminated against children of female teachers nor does the record show that female children of female teachers were treated any differently than male children of female teachers. We believe the rule in *Karas* is dispositive of plaintiff's initial contention because the alleged acts of discrimination were aimed at a third party and not at plaintiff's wards.

Plaintiff argues that *Karas* is distinguishable because, unlike the Probate statutes in *Karas*, section 17—122 of the Illinois Pension Code was unconstitutional, and because plaintiff's wards' mother had an insurmountable barrier to overcome in order to provide benefits for her children. To the contrary, although the substantive issues in the instant case and *Karas* are different, the threshold issue of standing to assert the rights of a third party against sexually discriminatory acts is directly on point. Moreover, the instant statute was amended by the legislature and has never been found to be unconstitutional by any court. The argument that female teachers were barred from contributing to the pension fund by the statute presents a substantive question which cannot be reached if plaintiff lacks the standing to bring this cause.

In light of our holding on plaintiff's initial contention, we need not consider plaintiff's remaining contention in this appeal.

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

SULLIVAN and BARRETT, JJ., concur.