HERSCHEL BEANE, Plaintiff-Appellant, *v.* MILLERS MUTUAL INSURANCE ASSOCIATION OF ALTON, Defendant-Appellee.

Fifth District    No. 80-69

Opinion filed November 12, 1980.

David Hesi, of Wiseman, Sahikewitz, McGivern & Wahl, P. C., of Alton, for appellant.

Al J. Pranaitis, of Hoagland, Maucker, Bernard & Almeter, of Alton, for appellee.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Appellant Herschel Beane appeals from an order entered by the circuit court of Madison County denying his motion for leave to file a third amended complaint and granting appellee Millers Mutual Insurance Association's objections thereto. Appellant contends that three of the counts of his proposed third amended complaint state causes of action. We disagree and affirm.

Plaintiff was employed by defendant from 1954 to 1976 and held the position of manager and assistant vice-president of the Mill and Elevator Department when he was terminated in May of 1976. On July 12, 1977, plaintiff filed suit in the circuit court of Madison County alleging that he had been fired in retaliation for his alleged outspoken opposition to defendant's policies of sex discrimination against women. The one-count complaint alleged violations of article I, section 17 of the Illinois Constitution of 1970 and section 3(d) of the Illinois Fair Employment Practices Act (Ill. Rev. Stat. 1977, ch. 48, par. 853(d)), both prohibiting sex discrimination. This complaint was dismissed on September 9, 1978.

Plaintiff filed a three-count amended complaint on October 30, 1978, two of the counts realleging the matter contained in his original complaint and a third count alleging violation of the free speech clauses of the State and Federal constitutions (U.S. Const., amend. 1; Ill. Const. 1970, art. I, §4). This complaint was dismissed on April 4, 1979. Plaintiff filed yet a second amended complaint on June 14, 1979, realleging three free speech violations and a separate count for cause of action under title VII, sections 703 and 704 of the Civil Rights Act of 1964 (42 U.S.C. §§2000e—2(a), —3 (1976)). The second amended complaint was dismissed on July 20, 1979.

Among defendant's contentions in its motions to dismiss the complaints were the following: The count regarding the State constitutional prohibition against sex discrimination should be denied because plaintiff lacked standing to challenge sex discrimination against women employed

by defendant. The counts alleging violation of the Illinois Fair Employment Practices Act should be dismissed because such complaints fell under the aegis of the Illinois Fair Employment Practices Commission and plaintiff had failed to pursue his administrative remedies. The constitutional free speech allegations should be denied because an employer was entitled to terminate an employee with or without cause and therefore no cause of action existed under these constitutional provisions. The Civil Rights Act count should be dismissed because plaintiff failed to file his charge with the Equal Employment Opportunity Commission (EEOC) within the statutorily mandated 180 days and he had failed to obtain his "right to sue letter" from the EEOC.

Notwithstanding these three previous denials, plaintiff filed his motion for leave to file a third amended complaint on August 15, 1979. The proposed complaint, attached to the motion, was in four counts and realleged the same matter relating to unconstitutional sex discrimination, sex discrimination prohibited by State and Federal statute, and constitutional free speech, except that in regard to the Civil Rights Act claim, plaintiff alleged that he filed a charge with the EEOC on June 19, 1979, and had received a "Notice of Right to Sue" dated July 30, 1979. Defendant filed an objection to the motion, alleging among other things that these matters had been raised and dismissed previously. On January 4, 1980, the trial court denied plaintiff's motion for leave to amend and granted defendant's objection thereto. It is from this order that plaintiff appeals, with the exception that he has abandoned the count relating to the alleged violations of his constitutional rights of free speech.

■■ Section 46(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46(1)) states that the trial court may allow amendments to pleadings on "just and reasonable terms." Accordingly, the trial court has broad discretion in ruling on motions to amend pleadings and denial of such motions will not be reversed on appeal unless there is a manifest abuse of that discretion. (*Payne v. Murphy Hardware Co.* (1978), 62 Ill. App. 3d 803, 809, 379 N.E.2d 817; *Beagley v. Andel* (1978), 58 Ill. App. 3d 588, 589, 374 N.E.2d 929, *cert. denied* (1979), 440 U.S. 917, 59 L. Ed. 2d 467, 99 S. Ct. 1235.) Moreover, if the proposed amendments "made no substantial change in the complaint previously held bad, the court had a right to reject an attempt to re-litigate the same points already decided," and this is a sufficient basis, in and of itself, to affirm the trial court's rejection of the proposed amendment. (*Richardson v. Eichhorn* (1958), 18 Ill. App. 2d 273, 277, 151 N.E.2d 819; accord, *Payne v. Murphy Hardware Co.* (1978), 62 Ill. App. 3d 803, 809.) The amended complaints in the present case were but reallegations of matter previously rejected save the additional allegations, which will be disposed of hereafter, in the proposed third amended complaint that a charge had been filed with the EEOC and a

right to sue letter obtained. Hence, denial of the motion for leave to file such complaint was proper on these grounds alone.

■■ Even so, each count of the proposed amended complaint fails to state a cause of action. With respect to the constitutional prohibition against sex discrimination, appellant lacks standing to challenge appellee's policies toward women. Even if his charges are true, he is not a member of the class sought to be protected by this constitutional provision, he has not been discriminated against because of his sex and he cannot assert constitutional infringement based on the sex of other persons. (*In re Estate of Karas* (1975), 61 Ill. 2d 40, 54-55, 329 N.E.2d 234, *overruled in part on other grounds in Trimble v. Gordon* (1977), 430 U.S. 762, 52 L. Ed. 2d 31, 97 S. Ct. 1459; *Mac Donald v. Chicago Board of Education* (1976), 43 Ill. App. 3d 570, 572-73, 357 N.E.2d 604.) Moreover, appellant has not demonstrated that the women allegedly suffering discrimination at the hands of appellee are incapable of or unwilling to represent their own interests before the judiciary such that he should be allowed to champion their cause in the courts. Absent the requisite standing, the substantive constitutional question cannot be reached and the trial court properly denied appellant's attempt to raise it.

■■ Another count in the proposed third amended complaint alleges a violation of the Illinois Fair Employment Practices Act, now the Illinois Human Rights Act (Ill. Ann. Stat., ch. 68, par. 1—101 *et seq*. (Smith-Hurd Supp. 1980-1981).) However, the act in force at the time of the alleged violation gave the Illinois Fair Employment Practices Commission the power to hear and investigate complaints (Ill. Rev. Stat. 1977, ch. 48, par. 856.07), established a procedure to file and investigate charges (Ill. Rev. Stat. 1977, ch. 48, par. 858), gave the judiciary the authority to enforce the orders of the Commission (Ill. Rev. Stat. 1977, ch. 48, par. 861), and provided for review of the Commission's orders in accordance with the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 48, par. 860). Appellant never presented his claim to the Commission and he therefore has not pursued his administrative remedies, much less exhaused them.

Nor can appellant now argue that bypassing such statutory procedures is justified in the name of public policy. Even if the case of *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, is read to sanction causes of action in the name of public policy where there is no civil remedy at law theretofore provided, *Kelsay* would be distinguishable from the present case. There the plaintiff pursued his remedies under the Workmen's Compensation Act by proceeding before the Workmen's Compensation Commission. It was only after pursuing his administrative remedies that public policy called for additional relief to protect the integrity of the Act itself. Here appellant cannot convincingly argue that the express public policies promoted by the Illinois Fair

Employment Practices Act need judicial protection where he has foregone the administrative process therein provided to protect the same. The trial court properly denied appellant's attempt to raise this matter where no such cause of action was cognizable under these facts.

■■ Finally, having abandoned his free speech allegations, the only matter left to be resolved is the Federal civil rights count proposed in the third amended complaint. It is true that appellant filed a charge with the EEOC on June 19, 1979, some three years after the alleged violation of 42 U.S.C. §2000e—2(a) and after the motion to dismiss the second amended complaint was filed, and obtained a right to sue letter dated July 30, 1979. However, like the Illinois Fair Employment Practices Act, section 706 of the Civil Rights Act of 1964 (42 U.S.C. §2000e—5) establishes the authority and procedures by which the EEOC receives and processes complaints regarding alleged violations of the Act and enforces its orders. That section mandates that a complainant file his charge within 180 days after the alleged violation occurred. Here, however, appellant was fired in May of 1976 and his complaint with the EEOC was not filed until after three years later. Hence, his charge of discrimination was not timely filed, a factor considered fatal to the filing of a suit based on an alleged violation of the Act. (*United Airlines, Inc. v. Evans* (1977), 431 U.S. 553, 554, 52 L. Ed. 2d 571, 97 S. Ct. 1885; *Davis v. Weidner* (7th Cir. 1979), 596 F.2d 726, 728-29.) Those cases cited by appellant waiving the requisite filing date have no application here, for we find appellant's excuses insufficient to justify a three-year delay. We do not believe appellant's circumstances warrant a finding that the filing deadline was equitably tolled such that the court should now allow him to plead his case. Accordingly, the trial court properly denied appellant's motion for leave to file his proposed third amended complaint.

We affirm the order of the circuit court of Madison County.

Affirmed.

KARNS and KASSERMAN, JJ., concur.